## No. 17,035.

IN RE INTERROGATORIES OF THE HOUSE OF REPRESENTATIVES.
(254 P. [2d] 853)

Decided March 2, 1953.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. FRANK A. WACHOB, Assistant.

Messrs. DENIOUS & DENIOUS, amici curiae.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE Honorable House of Representatives of the Thirty-ninth General Assembly, which regularly convened on January 7, 1953, by its House Resolution No. 5, regularly adopted on February 23, 1953, has submitted to this court three interrogatories relating to the constitutionality of portions of Senate Bill No. 24, which was regularly passed on its twenty-fourth legislative day by an affirmative vote of a majority of all members elected to the Senate, and then regularly transmitted to the House of Representatives and there introduced, and is now awaiting action pending determination by this court of the interrogatories submitted under the provisions of Section 3, Article VI of the Constitution of the State of Colorado, which provides that, our court "shall give its opinion upon important questions upon solemn occasions when required by the house of representatives * * *."

The interrogatories propounded are specific, and relate to pending legislation, and having announced our acceptance for determination, it therefore is conclusive that we consider them to be important questions and

therefore a solemn occasion has arisen. This opinion is in response to such interrogatories.

The Legislature enacted chapter 259 of the Session Laws of Colorado for 1951, entitled "An act to provide for the revision and codification of the laws of the State of Colorado; to establish a commission for statute revision and providing for the office of revisor of statutes and prescribing the duties thereof." In pursuance of this authority, a commission was immediately established as provided therein, which proceeded with its duties in correcting, harmonizing, collating, editing, revising and compiling the statutes of Colorado of a general nature, and, according to the mandatory provisions of the act, submitted a full and comprehensive report of the statutes so compiled and edited, to the 1953 session of the General Assembly, to which report was appended a copy of all statutes affected and to be embodied in what is to be known as "Colorado Revised Statutes 1953."

█ Thereupon a bill for "An act concerning Colorado Revised Statutes 1953, and enacting the same as the statutory law of Colorado of a general nature; repealing all statutes of a general nature not included therein; and directing inclusion therein of statutes passed by the Thirty-ninth General Assembly," was regularly introduced, the passage of which had the effect of approving and adopting the "Official Report of the Committee on Statute Revision," and would not only be evidence of the law, but, in fact, would be the law itself, as a reenactment thereof.

█ It would unduly lengthen this opinion to set out Senate Bill No. 24 in full, since we are requested to pass upon the constitutionality of certain sections thereof, to which we give our detailed attention. Suffice it to say that such interrogatories as are directed toward the bill as a whole may be sufficiently answered by saying that they are entirely directed toward the regularity of the legislative procedure during its consideration and

passage. To epitomize, the procedure involved is largely a matter of following the constitutional requirements relative to the reading, printing and title of bills. It is evident from the face of the bill itself, as well as from the House Resolution, that each member of both branches of the Legislature had before him a full and complete printed copy of the revisory work of the commission as to each and every law therein affected, and the full reading thereof was regularly dispensed with, which is regular procedure, for which the Constitution provides. The sole purpose of printing, as the term is used in the consideration of a bill, is for the use and information of the individual legislator. Each member of the Legislature having been provided with a full and complete printed report, it then becomes, not a question of what was in the report or the commission's authority in connection therewith, but, with the full knowledge, what did the Legislature intend to do with the report, which is answered by the action of the majority of the members of the Senate voting in favor of the passage of the bill approving and adopting the report as the law.

Relative to the matter of revising or amending the provisions of a law by reference to its title only, it is to be noted that the senate bill, brought here for consideration, is independent legislation, original in form and complete within itself. There is nothing amended, according to the title, nor does reference to the title extend the provisions of any other law; on the other hand, the terms of the bill tendered by the commission are enacted in full. It is our opinion that this particular section of the Constitution does not place a limitation upon the matter of the general revision of statutes, or a codification thereof.

To conclude this phase of our consideration, without further detail, we now say that the usual constitutional limitation on the enactment of new laws, and the repeal or amendment of existing laws, strictly speaking, is not applicable, and does not generally prevail in

the matter of legislation enacting an official code, or compilation or revision of existing laws. A peculiarly distinct field is entered by the introduction and passage of legislation enacting a codification and revision of the general law. The presumption exists that the laws here involved were originally enacted with due constitutional precaution. It may be said that our Constitution indirectly covers revisory legislation, however, it cannot be said that it spells out a prohibition as to any expedient method adopted by the commission under legislative direction which included collating, compiling, editing, correction of obvious errors, eliminating duplications, and clarification of existing laws, when such, in the opinion of the commission, is essential in carrying out the intent of the Act for the Revision or Codification of the Laws of the State of Colorado. Moreover, the Legislature was and is not limited in this instance to adoption or rejection of the report of the commission, because it could initiate and pass what it might deem necessary to supplement the work of the commission. The enactment of Senate Bill No. 24, is in accord with the enactment of similar bills in connection with revisory legislation in a number of our sister states, which has been approved and sustained by the courts of last resort of such states, and the opinions thereon are in general harmony with the views herein expressed as to the matters now involved.

■ Summarizing, we say that, to question what the commission did, or did not, do in completing its work is beside the questions here involved. The commission was, and is, a legislative instrumentality created by chapter 259 of the 1951 Session Laws, for a service to the Legislature. Its work in collating, compiling, editing and preparing the statutes as directed, is without effect standing alone. In a sense, its province was clearly intended to be that of compiling and arranging the details for the Legislature. The action of the Legislature, as here taken in its consideration, adoption and approval

of the work of the commission is final, definite and conclusive. All authority delegated to the committee was subject to the final approval or withdrawal by the Legislature.

The interrogatories presented for consideration are as follows:

"First: Did any of the procedures adopted in the passage of Senate Bill No. 24 as hereinabove set forth contravene any of the following provisions of the Constitution?

"(a) Section 20, Article V, which provided that:

" 'No bill shall be considered or become a law unless referred to a committee, returned therefrom, and printed for the use of the members.'

"(b) Section 22, Article V [As per referred amendment approved at general election held November 7, 1950.], which provides that:

" 'Every bill shall be read by title when introduced, and at length on two different days in each house; *provided, however,* any reading at length may be dispensed with upon unanimous consent of the members present. All substantial amendments made thereto shall be printed for the use of the members before the final vote is taken on the bill, and no bill shall become a law except by a vote of the majority of all members elected to each house, taken on two separate days in each house, nor unless upon its final passage the vote be taken by ayes and noes and the names of those voting be entered on the journal.'

"(c) Section 24, Article V, which provides that:

" 'No law shall be revised, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.' "

In light of what we have hereinbefore said, the answer is, No.

"Second: Does Senate Bill No. 24 violate the provi-

sions of Section 21, Article V of the Constitution, which provides:

" 'No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.' "

The answer is, No.

"Third: Does the publication of the 'Colorado Revised Statutes 1953' provided for in Sections 2 and 3 of Senate Bill No. 24 comply with the provisions of that part of Section 8, Article XVIII of the Constitution, which provides as follows:

" 'The general assembly shall provide for the publication of the laws passed at each session thereof. * * *.' "

Sections 2 and 3 of the Senate Bill No. 24 are as follows:

"Section 2. The statutory law of the State of Colorado of a general nature as corrected, harmonized, collated, edited, revised and compiled in the certified Official Report of the Committee on Statute Revision is hereby enacted as the positive and statutory law of a general nature of the State of Colorado as follows: The printed text of statutory law which is included in the printed and certified Official Report aforesaid, and which is appended hereto, is hereby incorporated in full in this Act and is hereby designated as 'Colorado Revised Statutes 1953.' The said printed text of statutory law being in the hands of each member of the General Assembly for the use of such members as part of this Act, in due procedural course: It is hereby ordered that further printing of that part of this Act, consisting of the aforesaid printed text of statutory law, be dispensed with; nor shall such part of this Act be engrossed or printed in the Session Laws.

"Section 3. The Committee on Statute Revision shall cause the Colorado Revised Statutes 1953, together with

annotations and index, and all other matters authorized by Chapter 259, Session Laws of Colorado 1951, to be printed and published; upon total completion of such publication the Committee on Statute Revision shall deposit with the secretary of state a complete set of the volumes so printed and published and at the same time shall certify that the same are the Colorado Revised Statutes 1953 as authorized and enacted by this Act. Within ten days after such deposit the secretary of state shall publish once a notice of such deposit and certification in one newspaper of general circulation in each judicial district within the State and shall state in said notice the time at which Colorado Revised Statutes 1953 become effective and operative. The effective and operative date of said statutes is hereby fixed and determined as the fortieth calendar day after the deposit of Colorado Revised Statutes 1953 with the secretary of state as aforesaid. The Committee on Statute Revision and the secretary of state may further publicize in their discretion the effective and operative date aforesaid."

Whatever manner or form the Legislature may *provide* as to the publication of its acts for each session, as it has done by the sections of the senate bill inquired about, is a compliance with this provision. To make provision for the publication is mandatory, but the manner and form is the sole province of the Legislature. Therefore, our answer is, Yes.

Mr. Justice Alter not participating.

Mr. Justice Alter:

Under the provisions of the Session Laws of Colorado, 1951, section 1, chapter 259, page 728, Chief Justice Jackson designated me as chairman of the committee on statute revision, as provided in said section, and upon Chief Justice Jackson's retirement, Chief Justice Stone designated me as chairman of said committee. As such chairman I have presided at all of the meetings of said

committee and have actively participated in the work thereof. Under these circumstances, I do not feel that it is proper for me to participate as a member of the Supreme Court in answering the above and foregoing interrogatories propounded by the House of Representatives.