**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David C. WASHINGTON, Defendant–Appellant.**

**No. 97CA1679.**

Colorado Court of Appeals, Div. I.

Oct. 15, 1998.

Rehearing Denied Dec. 3, 1998.

Certiorari Pending March 16, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Christine Cates Brady, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David C. Washington, Pro Se.

Opinion by Judge PLANK.

Defendant, David C. Washington, appeals the trial court's denial of his motion seeking to set aside, for lack of subject matter jurisdiction, his prior conviction entered on a plea of guilty. We affirm.

In 1991, defendant entered a guilty plea to a charge of distribution of a controlled substance under the statute then codified as §18–18–105, C.R.S.1973, as amended (repealed and reenacted as §18–18–405, C.R.S. 1998) and was sentenced to four years in prison. He was thereafter convicted of another drug-related felony, his third, and was

sentenced to ten years in prison based in part on his prior felony convictions.

By motion in the nature of a request for post-conviction relief pursuant to Crim. P. 35(c), defendant sought to overturn the 1991 conviction because, he argued, the statute defining the crime was unconstitutional at the time of his offense. Defendant asserts that the statute, as it was published in the Colorado Revised Statutes, lacked the "enacting clause" required by Colo. Const. art. V, §18. The trial court denied the motion. This appeal followed.

■ Colo. Const. art. V, §18 requires that: "The style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado.'" Courts in other states, construing similar state constitutional provisions, have ruled that the precise form of the so-called "enacting clause" is mandatory in the official publication of the laws and that a significant defect or its absence renders the legislative act unconstitutional. *See Palmer v. Arkansas*, 137 Ark. 160, 208 S.W. 436 (1919); *Sjoberg v. Security Savings & Loan Ass'n*, 73 Minn. 203, 75 N.W. 1116 (1898). However, no Colorado appellate court has ruled on the question of whether a flaw in the enacting clause or its absence renders an act unconstitutional.

The Colorado Revised Statutes are the official compilation of the Session Laws of Colorado, the latter containing the official publication of the enactments of the General Assembly. Section 24–70–223, C.R.S.1998; *In re Interrogatories Concerning Senate Bill No. 24*, 127 Colo. 160, 254 P.2d 853 (1953). As such, the statutory compilation is produced to aid the public in locating relevant statutes and ascertaining their precise language by combining initial enactments, amendments, and repeals into a single source organized by subject. *See* §2–5–101, et seq., C.R.S.1998.

The Colorado Revised Statutes are also edited to "[a]dopt a uniform system of punctuation, capitalization, and wording," to "[e]liminate all obsolete and redundant wording of laws," to "[c]orrect obvious errors and inconsistencies," to "[e]liminate any duplications in law and any laws repealed directly or by implication," to "[c]larify existing laws [and] modernize terminology," and to include additional nonsubstantive editorial changes that improve the clarity and usability of the statutes. Section 2–5–103, C.R.S.1998.

In compiling the Colorado Revised Statutes, the revisor of statutes is required to include references to the Session Laws to permit a researcher to locate the source legislation. *See* §2–5–102(1)(a), C.R.S.1998. As a result, a person reading a statute is able to determine the precise sequence of acts that, when taken together, create its current language as it appears in the statutory compilation. Hence, reference to the statutory compilation is ordinarily more convenient and efficient than reference to multiple volumes and sections of the Session Laws.

At the time of defendant's conviction, the statute proscribing his offense was compiled from portions of nine legislative enactments: Colo. Sess. Laws 1981, ch. 128 at 707; Colo. Sess. Laws 1982, ch. 50 at 252; Colo. Sess. Laws 1984, ch. 138 at 557; Colo. Sess. Laws 1985, ch. 146 at 655; Colo. Sess. Laws 1985, ch. 158 at 685; Colo. Sess. Laws 1987, ch. 115 at 603; Colo. Sess. Laws 1987, ch. 116 at 613; Colo. Sess. Laws 1990, ch. 134 at 1005; and Colo. Sess. Laws 1991, ch. 73 at 402. Each of the acts creating and amending the statute, as published in the Colorado Session Laws, begins with the precise enacting clause as set forth in Colo. Const. art. V, §18.

As a practical matter, it is unclear which of the nine enacting clauses defendant believes should be reproduced in the Colorado Revised Statutes, or whether all nine must somehow be incorporated lest others challenge the amendments to the statute on similar grounds. It would not be correct simply to add the phrase "Be it enacted by the General Assembly of the State of Colorado" at the beginning of each statutory section because, in many cases, the statute as published there is not in the same form as originally enacted by the General Assembly but is, as intended, a compilation of multiple legislative acts that also includes editing for clarity and consistency. *See* §2–5–103, C.R.S.1998.

Defendant asserts, however, that, under §2–5–118, C.R.S.1998, the statutory compila-

tion is the "official statutes" of the state and its use is mandated when introducing evidence of statutory language in the courts. Hence, he argues that the constitutionally mandated enacting clause must appear there and its presence in the Session Laws is constitutionally insufficient. We find this argument unpersuasive.

Section 2–5–118(1)(a), C.R.S.1998, states, in pertinent part:

The statutes prepared in accordance with sections 2–5–102 and 2–5–103 . . . shall be considered to be the official statutes of the State of Colorado. Such official statutes shall be the only publication of the statutes entitled to be considered as evidence in Colorado courts. . . . The courts of this state shall take judicial notice of such official statutes.

Underlying the constitutional mandate of Colo. Const. art. V, §18, that each and every legislative act must begin with the enacting clause is the policy that the citizens of the state must be able readily to verify that such pronouncements are proper expressions of the legislative authority of the General Assembly as conferred by the state constitution. *See Palmer v. Arkansas, supra; Sjoberg v. Security Savings & Loan Ass'n, supra.*

The General Assembly has the authority to direct that the statutes be compiled into a more usable form and that the resulting statutory compilation be published as the positive statutory law of Colorado. *See In re Interrogatories Concerning Senate Bill No. 24, supra.* When the General Assembly adopts the statutory compilation, it does so by an act that itself carries the mandatory enacting clause. *See, e.g.,* Colo. Sess. Laws 1998, ch. 39, §2–5–126 at 108. Furthermore, the General Assembly has adopted appropriate safeguards to ensure the accuracy of the statutory compilation. *See* §2–5–101, et seq., C.R.S.1998.

Nevertheless, when the propriety of a statute's enactment is called into doubt, §2–5–118 does not preclude the use of the Session Laws as evidence in the Colorado courts. Therefore, because the statutory compilation enables the public efficiently to locate the legislative acts from which it derives, and because the introduction of those acts into evidence is not barred when the enactment of a statute is challenged, we view the policy underlying Colo. Const. art. V, §18, as being satisfied.

Because each section in the statutory compilation is required to cite to its underlying source legislation pursuant to §2–5–102(1)(a), because the act adopting the statutory compilation itself contains the proper enacting clause, and because §2–5–118 does not preclude introduction of the Session Laws into evidence to prove or challenge the validity of a legislative enactment, we hold that the enacting clause as published in the Session Laws of Colorado satisfies the mandate of Colo. Const. art. V, §18 and its underlying policy. Consequently, the omission of the enacting clause from the Colorado Revised Statutes does not render the statutes unconstitutional, and there was no constitutional deficiency in defendant's conviction.

The order denying the motion for postconviction relief is affirmed.

METZGER and ROTHENBERG, JJ., concur.