**Howard Thomas LEDDEN,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A04–445.

Court of Appeals of Minnesota.

Sept. 28, 2004.

Howard Thomas Ledden, OID # 189896, Bayport, MN, appellant pro se.

Mike Hatch, Minnesota Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Lystig, Assistant Ramsey County Attorney, St. Paul, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, WILLIS, Judge, and MINGE, Judge.

## OPINION

RANDALL, Judge.

On appeal from the order denying his postconviction petition challenging his 1996 conviction of first—and second-degree criminal sexual conduct, appellant argues that (1) the district court that tried him lacked subject-matter jurisdiction and that the statute under which he was convicted is void because it does not contain an enacting clause, and (2) the district court's failure to respond to his notice and demand should be deemed an admission to its allegations, and that the judge violated her oath of office. Because we find no constitutional deficiency in appellant's convictions, we affirm.

## FACTS

In 1996, a jury found appellant Howard Ledden guilty of first—and second-degree criminal sexual conduct for the sexual abuse of his 13–year–old daughter and four-year-old stepdaughter. Appellant appealed his conviction and sentence, and this court affirmed in *State v. Ledden,* No. C8–97–515, 1998 WL 74264 (Minn.App. Feb.24, 1998), *review denied* (Minn. April 30, 1998).

On July 14, 1998, appellant petitioned for postconviction relief. His petition was denied, and appellant chose not to appeal the denial. After an unsuccessful petition for habeas corpus relief in federal court, appellant filed a motion for correction of sentence on March 21, 2001. The district court denied the motion, and this court affirmed the denial of relief in *Ledden v. State,* No. C4–01–1196, 2002 WL 171899 (Minn.App. Feb.5, 2002), *review denied* (Minn. April 16, 2002).

On December 24, 2003, appellant filed another motion for postconviction relief, alleging that the district court lacked jurisdiction because the laws as printed in the Minnesota statutes do not contain an enacting clause. The district court denied appellant's motion. This appeal followed.

## ISSUES

I. Do the statutes under which appellant was convicted contain enacting clauses that provide the Minnesota Courts with subject-matter jurisdiction?

II. Is the district court judge's failure to respond to appellant's notice and demand an admission to its allegations that the district court judge violated her oath of office?

## ANALYSIS

■ Appellate courts "review a postconviction court's findings to determine

whether there is sufficient evidentiary support in the record." *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). Appellate courts "afford great deference to a district court's findings of fact and will not reverse the findings unless they are clearly erroneous." *Id.* "The decisions of a postconviction court will not be disturbed unless the court abused its discretion." *Id.* The petitioner in a postconviction proceeding bears the burden of proving the claim by a preponderance of the evidence, and the allegations in the petition must be more than mere argumentative assertions that lack factual support. *Hummel v. State,* 617 N.W.2d 561, 564 (Minn.2000).

## I.

■ Appellant argues that the statutes under which he was convicted do not contain enacting clauses that provide the Minnesota Courts with subject-matter jurisdiction, and therefore his convictions violate the state constitution and are void. A person convicted of a crime is entitled to relief if he or she can prove that the conviction was obtained in violation of the state or federal constitutions. Minn.Stat. 590.01, subd. 1(1) (2002). This court must presume that Minnesota statutes are constitutional and exercise its power to declare a statute unconstitutional only with extreme caution. *See generally State v. Merrill,* 450 N.W.2d 318, 321 (Minn.1990). One who challenges the constitutional validity of a statute "must meet the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *Associated Builders Contractors v. Ventura,* 610 N.W.2d 293, 299 (Minn.2000).

This exact issue was recently before the Colorado Court of Appeals in *People v. Washington,* 969 P.2d 788 (Colo.Ct.App. 1998). In *Washington,* the petitioner filed a motion for postconviction relief seeking to overturn his conviction on the basis that the statute under which he was convicted was unconstitutional. 969 P.2d at 789. The petitioner argued that the statute, as it was published in the Colorado Revised Statutes, lacked the "enacting clause" required by Colo. Const. art. V, 18. *Id.* The court began by stating that the Colorado Revised Statutes are the official compilation of the Session Laws of Colorado, with the Session Laws containing the official publication of the enactments of the General Assembly. *Id.* The court then noted that the Colorado Revised Statute proscribing the petitioners offense was compiled from portions of nine legislative enactments, each of which included references to the Session Laws. *Id.* The court held that because "[e]ach of the acts creating and amending the statute, as published in the Colorado Session Laws, begins with the precise enacting clause as set forth in Colo. Const. art. V, 18," the petitioner was convicted under a constitutional statute. *Id.*[1]

1. The court also rejected the petitioner's argument that the constitutionally mandated enacting clause must appear in the Colorado Revised Statutes. In rejecting the claim, the court stated that:

> It would not be correct simply to add the phrase "Be it enacted by the General Assembly of the State of Colorado" at the beginning of each statutory section because, in many cases, the statute as published there is not in the same form as originally enacted by the General Assembly but is, as

intended, a compilation of multiple legislative acts that also includes editing for clarity and consistency.

*Washington,* 969 P.2d at 789 (citing § 2–5–103, C.R.S.1998). Thus the court held that the policy underlying Colo. Const. art. V, § 18 was satisfied because the statutory compilation enables the public to efficiently locate the legislative acts from which it derives, and because the introduction of those acts into evidence is not barred when the enactment of a statute is challenged. *Id.* at 790.

Similar to the Colorado Constitution, the Minnesota Constitution provides that: "The style of all laws of this state shall be: Be it enacted by the legislature of the state of Minnesota." Minn. Const. art. IV, 22.[2] The laws of Minnesota are bills that have been enacted by the legislature and then signed by the governor, enacted after three days of gubernatorial inaction, or passed by a legislative override of the governors veto. *See* Minn. Const. art. IV, 23. "As soon as possible after a session of the legislature has adjourned each year, the revisor shall publish the laws of the session in a publication called 'Laws of Minnesota.'" Minn.Stat. 3C.06, subd. 1 (2002). The laws of Minnesota are then codified in accordance with Minn.Stat. 3C.07 (2002), and must contain the requirements set forth in Minn.Stat. 3C.08 (2002).

In compiling the Minnesota Statutes, the revisor of statutes is required to "assign appropriate chapter and section numbers to [the new laws and amendments] and shall arrange them in proper order. After each section the office shall place a source note indicating the chapter and section of the session law from which the section was derived." Minn.Stat. 3C.08, subd. 4 (2002). "Any volume of Minnesota Statutes, supplement to Minnesota Statutes, and Laws of Minnesota certified by the revisor according to section 3C.11, subdivision 1, is prima facie evidence of the statutes contained in it in all courts and proceedings." Minn.Stat. 3C.13 (2002).

Appellant argues that his conviction is void because the statutes under which he was convicted do not contain enacting clauses as required by Minn. Const. art. IV, 22. In support of his claim, appellant cites *Sjoberg v. Security Savings Loan Assn*, a 1898 case involving an act in which the enacting clause was omitted, contrary to the Minnesota Constitution. 73 Minn. 203, 75 N.W. 1116 (1898). In holding the constitutional requirement mandatory and that a statute without an enacting clause is void, the court stated:

> It is ... claimed by appellant that the law in question contained an enacting clause at the time it passed the legislature, and that the trial court erred in excluding evidence of such fact. The ruling was correct, for the fact itself was immaterial, for the reason that a bill, although it passes the legislature, never becomes a law, unless it be presented to the governor, pursuant to article 4, s 11, of the constitution. If the bill in question contained an enacting clause when it passed the legislature, it was never presented to the governor, but in place of it a bill was presented to and approved by him containing no enacting clause. It follows that chapter 250, Laws 1897, is void ....

*Id.* at 214, 75 N.W. at 1118–19.

Here, appellant was convicted of first— and second-degree criminal sexual conduct in violation of Minn.Stat. 609.342, subd. 1(a), 609.343, subd. 1(g) (1994). At the time of appellants conviction, both Minn. Stat. 609.342 and Minn.Stat. 609.343 were compiled from portions of ten legislative enactments.[3] Each of the acts creating

2. Minn. Const. art. IV, § 22 was § 13 prior to the 1974 revisions.

3. The ten legislative enactments for Minn. Stat. § 609.342 can be found at: 1975 Minn. Laws ch. 374, § 3; 1981 Minn. Laws ch. 51, § 2; 1983 Minn. Laws ch. 204, § 1; 1984 Minn. Laws ch. 628, art. 3, § 11; 1985 Minn. Laws ch. 24, § 5; 1985 Minn. Laws ch. 286, § 15; 1986 Minn. Laws ch. 444; 1989 Minn. Laws ch. 290, art. 4, § 12; 1992 Minn. Laws ch. 571, art. 1, § 14; 1994 Minn. Laws ch. 636, art. 2, § 34. The ten legislative enactments for Minn.Stat. § 609.343 can be found out: 1975 Minn. Laws ch. 374, § 4; 1979 Minn. Laws ch. 258, § 12; 1981 Minn. Laws ch. 51, § 3; 1983 Minn. Laws ch. 204, § 2; 1984 Minn. Laws ch. 628, art. 3, § 11; 1985

and amending the statutes, as published in the Laws of Minnesota, begins with the precise phrase, "[B]e it enacted by the legislature of the state of Minnesota." Therefore, appellants conviction is not void because the statutes under which he was convicted comply with the constitutional mandates of article IV, section 22.

Appellant next contends that the statutes under which he was convicted are unconstitutional because the printed copies of the Minnesota Statutes do not contain the enacting clauses. In support of this proposition, appellant refers to the *Sjoberg* courts holding that "a statute without an enacting clause is void." *Sjoberg*, 73 Minn. at 212, 75 N.W. at 1118. But appellant misinterprets the context in which the word "statute" is used. In *Sjoberg*, the constitutionality of chapter 250, Laws 1897 was being challenged. Because chapter 250, Laws 1897 was not codified at the time the court addressed the issue, the court used the word "statute" in reference to the session laws.[4] Thus, appellants reliance on *Sjoberg* is misplaced.

Appellants argument also confuses the laws of Minnesota with the codified statutes. Although the Minnesota Statutes are prima facie evidence of the laws of Minnesota, they are not the laws themselves. *See* Minn.Stat. 3C.13. The actual laws of Minnesota as passed by the legislature, signed by the governor, or enacted without signature or over veto, and filed with the secretary of state, are contained in the session laws, which do contain the required enacting clauses. *See* Minn.Stat. 3C.06 (2002). In contrast, the Minnesota Statutes are enacted laws that are codified, organized, and assembled by the revisor of statutes. *See generally* Minn.Stat. 3C.10

(2002). The laws are codified to provide the public with a usable collection of the laws of Minnesota. Minn.Stat. 3C.08, which sets forth the required contents of the Minnesota Statutes, does not require that the enacting clauses be republished in the Minnesota Statutes. To require that the enacting clause be republished in the Minnesota Statutes every time a law is passed or amended would lead to an absurd result because so many laws have been amended time and time again. *See* Minn.Stat. 645.17(1) (2002). Accordingly, we conclude that the omission of the enacting clauses from the Minnesota Statutes does not render the statutes unconstitutional, and there is no constitutional deficiency in appellants convictions.

## II.

Appellant argues that the district court judge's claimed "failure" to respond to appellant's notice and demand is an admission to appellants allegations. Appellant asserts that by failing to respond to his notice and demand, the district court judge agreed, by tacit admission, that the district court lacked subject-matter jurisdiction. Appellant therefore contends that by denying his motion for postconviction relief, while "admitting" the district court lacked subject-matter jurisdiction, the district court judge committed treason and violated her oath of office.

In support of his contention, appellant cites the Latin phrase *"Qui non negat fatetur,"* meaning "[h]e who does not deny, admits." *Blacks Law Dictionary* 1125 (5th ed.1979). That simplistic analysis based on a slogan is not even close to the law the way appellant uses it. In civil cases, a party may serve requests for ad-

---

Minn. Laws ch. 24, § 6; 1985 Minn. Laws ch. 286, § 16; 1986 Minn. Laws ch. 444; 1989 Minn. Laws ch. 290, art. 4, § 13; 1992 Minn. Laws ch. 571, art. 1, § 15.

4. At the time the *Sjoberg* case was litigated, the most recent codification of the Minnesota laws was 1894. The Minnesota laws were not recodified until 1905.

mission that the other party must timely respond to or be deemed to have admitted. Minn. R. Civ. P. 36.01. The district court judge in a case, criminal or civil, is not "a party" to the case, and there is no legal requirement that any district court judge personally respond to a party's demand for identification and credentials. The district court's failure to respond to appellant's nonissue is not any proof that the judge violated her oath of office.

Finally, appellant argues that the prosecutor lied by stating that appellant is proceeding *pro se*. We disagree. Appellant asserts that he is proceeding *"in propria persona"* rather than *"pro se."* We can only note that these two Latin phrases mean essentially the same thing. *In propria persona* is defined as "[i]n ones own proper person." *Blacks Law Dictionary* 712 (5th ed.1979) (referencing *pro se*). *Pro se* is defined as "[f]or himself; in his own behalf; in person; appearing for one-self, as in the case of one who does not retain a lawyer and appears for himself in court." *Blacks Law Dictionary* 1099 (5th ed.1979). The official legal lexicon uses the term *pro se* to identify a party who does not retain a lawyer. Appellant may be *"in propria persona"* to himself, but he is *"pro se"* to us.

## DECISION

The statutes under which appellant was convicted contain enacting clauses as required by Minn. Const. art. IV, § 22. The district court judge was legally qualified to hold office and rule on the merits of appellant's case. There is no constitutional deficiency in the district court's jurisdiction. There is no constitutional deficiency in appellant's convictions.

**Affirmed.**