FILED
United States Court of Appeals
Tenth Circuit

February 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN MICHAEL BROADUS,

Petitioner-Appellant,

v.

SUSAN JONES; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents-Appellees.

No. 10-1454
(D.C. No. 1:10-CV-02174-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

John Michael Broadus, a Colorado state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas application for lack of jurisdiction to hear a second or successive § 2254 application. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Mr. Broadus has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling or whether his application states a valid claim of the denial of a constitutional right. Thus, we deny a COA and dismiss this matter.

Procedural Background[1]

A jury convicted Mr. Broadus of first degree assault and reckless endangerment in case No. 98CR5098 in El Paso County, Colorado. In addition, as part of a plea deal, Mr. Broadus admitted the habitual offender counts in the same case (No. 98CR5098) and entered an *Alford* plea[2] to an aggravated robbery charge in a separate case (No. 97CR4183).

In 2009, he filed a § 2254 application challenging his assault and reckless endangerment convictions in case No. 98CR5098. Focusing on the trial of those counts, he argued that he was deprived of his right to conflict-free counsel and his right to the effective assistance of counsel. The district court held that the application was barred by the one-year limitation period in 28 U.S.C. § 2244(d). This court denied a COA and dismissed Mr. Broadus's appeal. *Broadus v. Hartley*, 345 F. App'x 345, 350 (10th Cir. 2009).

In 2010, Mr. Broadus filed another § 2254 application in district court. In this application, he again listed No. 98CR5098 as the case number for the convictions under attack, which he described as first degree assault, crime of violence, reckless endangerment and habitual offender. Noting the 2009 habeas application, the district court held that the 2010 application was a second

---

[1]    The facts regarding Mr. Broadus's convictions are stated as he represented them in his habeas applications.

[2]    *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

or successive application. Because this court had not authorized the filing of the 2010 application, the district court dismissed it for lack of jurisdiction. *See* 28 U.S.C. § 2244; *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam). Mr. Broadus appeals.

## Discussion

When a district court dismisses a § 2254 habeas application for lack of jurisdiction as an unauthorized second or successive application, the applicant must obtain a COA to appeal. *See generally Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) ("Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge."); *see also United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (concluding that a COA was required to appeal from the dismissal of an unauthorized successive § 2255 motion). Where a district court's ruling rests on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d at 1251. When presented with an

-3-

unauthorized second or successive habeas application, the district court may transfer the application to this court if it is in the interest of justice to do so or dismiss it for lack of jurisdiction. *See id.* at 1252. Mr. Broadus contends that the 2010 habeas application was not an unauthorized second application because it challenged his robbery and habitual offender convictions, not his assault and reckless endangerment convictions (the subjects of the 2009 habeas application).

It does not appear that the district court erred in its procedural ruling, however, because the proper question is which *judgment* did the 2009 and 2010 applications attack, not which *convictions*. *See Magwood v. Patterson*, 130 S. Ct. 2788, 2797 (2010) ("[B]oth § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Both applications list the judgment in No. 98CR5098 as the judgment under attack.[3] Thus, the 2010 application is a second application challenging the judgment in No. 98CR5098.

But even if reasonable jurists could debate the procedural ruling, Mr. Broadus also must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. This he cannot do. His 2010 habeas application asserts

---

[3]    Contrary to Mr. Broadus's assertion on appeal, there is no indication that the 2010 habeas application intended to challenge the judgment in the aggravated robbery case, No. 97CR4183.

Fifth, Sixth, and Fourteenth Amendment violations because "the statutes he was charged, tried[,] convicted and sentenced under are not the laws of the State of Colorado" in that "the 'Session Laws,' not the 'Colorado Revised Statutes,' are the legislative laws of the State of Colorado." Record on Appeal at 8-9. This is because, he asserts, the Colorado Revised Statutes do not contain the enacting clauses required by the Colorado Constitution.

The Colorado Court of Appeals, however, has held that "the omission of the enacting clause from the Colorado Revised Statutes does not render the statutes unconstitutional." *People v. Washington*, 969 P.2d 788, 790 (Colo. App. 1998). *Washington* upheld the conviction of a prisoner making the same type of allegations as Mr. Broadus. *Id.* at 789-90. Mr. Broadus has not met his burden of showing a debatable, valid constitutional claim.[4]

The motion to proceed in forma pauperis is DENIED because there is no non-frivolous argument for appeal. The application for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[4] The district did not reach the issue of whether the 2010 habeas application was timely filed, so we do not consider that issue. But we note that the 2009 application was denied as time-barred.