#29597-writ denied-PER CURIAM
**2021 S.D. 30**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DAKOTANS FOR HEALTH,                                  Petitioner,

    v.

STEVE BARNETT, Secretary of
State, sued in his official capacity,                 Respondent.

* * * *

ORIGINAL PROCEEDING

* * * *

JAMES D. LEACH
Rapid City, South Dakota                    Attorney for petitioner.


JASON R. RAVNSBORG
Attorney General

GRANT M. FLYNN
Assistant Attorney General
Pierre, South Dakota                        Attorneys for respondent.


* * * *

CONSIDERED ON BRIEFS
APRIL 15, 2021
OPINION FILED **05/05/21**

#29597

PER CURIAM

[¶1.]	This is an original mandamus proceeding.  On March 22, 2021, Dakotans for Health petitioned this Court to take original jurisdiction and issue an alternative writ of mandamus requiring Secretary of State Steve Barnett to appear and show cause why this Court should not issue a peremptory writ of mandamus commanding him to approve Dakotans for Health's form for referral of House Joint Resolution (HJR) 5003 to the voters of South Dakota at the general election on November 8, 2022.  On March 25, 2021, this Court filed its order accepting original jurisdiction and entering an alternative writ of mandamus requiring the Secretary of State to show cause why a peremptory writ of mandamus should not be issued. We scheduled expedited briefing.  After considering Dakotans for Health's petition, Secretary Barnett's response, and Dakotans for Health's reply, we issue the following decision.

**Facts**

[¶2.]	During the 2021 legislative session, the South Dakota House of Representatives and Senate approved HJR 5003, which is entitled "A JOINT RESOLUTION, . . ." and begins with the introductory clause "BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE STATE OF SOUTH DAKOTA, THE SENATE CONCURRING THEREIN[.]"  HJR 5003 proposed submitting to the voters at the next primary election in June 2022 the request to amend Article XI of the South Dakota Constitution by adding a new section.  The new section proposed by the Legislature would provide that certain constitutional amendments and

-1-

initiated measures must be approved by three-fifths of the votes cast thereon to become part of the Constitution.

[¶3.]     South Dakota Constitution article III, § 1 provides in part that "the people expressly reserve to themselves . . . the right to require that any *laws* which the Legislature may have *enacted* shall be submitted to a vote of the electors of the state before going into effect[.]" (Emphasis added.) SDCL 2-1-3 provides that:

> Any law which the Legislature may have enacted, except one that may be necessary for the immediate preservation of the public peace, health, or safety, or support of the state government and its existing public institutions, shall, upon the filing of a petition as provided in this chapter, be submitted to a vote of the electors of the state at the next general election. The petition shall be signed by not less than five percent of the qualified electors of the state. The form of the petition, including petition size and petition font size, shall be prescribed by the State Board of Elections.

[¶4.]     In March 2021, Dakotans for Health, a state registered ballot committee, submitted a petition pursuant to SDCL 2-1-3, seeking to refer HJR 5003 to the voters at the general election in November 2022. SDCL 2-1-3.1∗ provides

---

∗     SDCL 2-1-3.1 provides:

The petition as it is to be circulated for a referred law shall be filed with the secretary of state prior to circulation for signatures and shall:

(1)     Contain the title of the referred law;
(2)     Contain the effective date of the referred law;
(3)     Contain the date of the general election at which the referred law is to be submitted;
(4)     Be accompanied by a notarized form that includes the names and addresses of the petition sponsors; and
(5)     Be accompanied by a statement of organization as provided in § 12-27-6.

The petition shall be filed with the secretary of state within ninety days after the adjournment of the Legislature which passed the referred law. A sworn

(continued . . .)

-2-

that petitions to refer laws must be filed with the Secretary of State and enumerates the criteria the petition must meet. The Secretary of State reviewed the petition pursuant to these requirements and determined that HJR 5003 did not qualify as a "law which the legislature may have enacted," pursuant to SDCL 2-1-3, and that the petition did not contain a valid effective date as required by SDCL 2-1-3.1. Consequently, the Secretary of State informed Dakotans for Health he was "unable to file [the] petition to refer HJR 5003." The Secretary of State's review of the petition was for procedural compliance and did not include a review of the merits of HJR 5003. *See Wyatt v. Kundert*, 375 N.W.2d 186, 192 (S.D. 1985) (setting forth constitutional provisions, statutes, and administrative rules dictating "the mandatory legal procedures for referring legislation . . . .").

### Mandamus

[¶5.]        SDCL 21-29-1 provides:

> The writ of mandamus may be issued by the Supreme and
> circuit courts, to any inferior tribunal, corporation, board, or

---

(. . . continued)

affidavit, signed by at least two-thirds of the petition sponsors stating that the documents filed constitute the entire petition and to the best of the knowledge of the sponsors contains a sufficient number of signatures shall also be filed with the secretary of state. The form of the petition and affidavit shall be prescribed by the State Board of Elections.

The petition circulator shall provide to each person who signs the petition a form containing the title of the referred law; any fiscal note or summary of a fiscal note obtained pursuant to § 2-9-32; the name, phone number, and email address of each petition sponsor; a statement whether the petition circulator is a volunteer or paid petition circulator and, if a paid circulator, the amount the circulator is being paid. The form shall be approved by the secretary of state prior to circulation. The petition form, as prescribed by the State Board of Elections, shall include the paid circulator identification number within the verification of any paid circulator.

person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

[¶6.] A "writ of mandamus must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." SDCL 21-29-2. To prevail and be granted a writ of mandamus, a party "must have a clear legal right to have a service performed by the party to whom he seeks to have the writ directed." *Dacy v. Gors*, 471 N.W.2d 576, 578 (S.D. 1991) (quoting *S.D. Trucking Ass'n v. S.D. Dept. of Transp.*, 305 N.W.2d 682, 684 (S.D. 1981)).

## Analysis

[¶7.] HJR 5003 proposed an amendment to Article XI of the South Dakota Constitution to be voted upon by the voters at the June 2022 primary election. HJR 5003 is authorized by Article XXIII, § 1, which permits a majority of each house of the Legislature to propose an amendment to the Constitution directly to the voters. The Legislature's proposed amendment will be decided in the June 2022 primary election, when the voters will either adopt or reject the amendment proposed by HJR 5003. Thus, the petition by Dakotans for Health seeking mandamus relief must fail because HJR 5003 is not a law enacted by the Legislature, and as a result, there is nothing in HJR 5003 to refer to the electors at the November 2022 general election.

[¶8.] The Constitution makes clear that the people of South Dakota "expressly reserve to themselves . . . the right to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors . . . ." S.D.

Const. art. III, § 1. SDCL 2-1-3 specifically provides that "[a]ny *law* which the Legislature may have enacted . . . shall, upon the filing of a petition as provided in this chapter, be submitted to a vote of the electors of the state at the next general election." (Emphasis added.) SDCL 1-1-22 defines law as "a rule of property and of conduct prescribed by the sovereign power."

[¶9.] Pursuant to SDCL 1-1-23, the will of the sovereign power is expressed:

(1) By the Constitution of the United States;
(2) By treaties made under the authority of the United States;
(3) By statutes enacted by the Congress of the United States;
(4) By the Constitution of this state;
(5) By statutes enacted by the Legislature;
(6) By statutes enacted by vote of the voters;
(7) By the ordinances of authorized subordinate bodies;
(8) Rules of practice and procedure prescribed by courts or adopted by departments, commissions, boards, officers of the state, or its subdivisions pursuant to authority so to do.

Consequently, laws include the state constitution and statutes "enacted" by the Legislature and by a vote of the voters.

[¶10.] Pursuant to Article III, § 18 of the South Dakota Constitution, "no law shall be passed unless by assent of a majority of all the members elected to each house of the Legislature[,]" and "[t]he enacting clause of a law shall be: 'Be it enacted by the Legislature of the State of South Dakota[.]'" The mandate of an enacting clause assures that the citizens of South Dakota are readily able "to verify that such pronouncements are proper expressions of the legislative authority" of the Legislature as conferred by the Constitution. *People v. Washington*, 969 P.2d 788, 790 (Colo. App. 1998). *See also SDDS, Inc. v. State*, 481 N.W.2d 270, 272 n.3 (S.D. 1992) (noting the requirement of an enacting clause in all laws). Moreover, for an

act of the Legislature to become a law, it must be signed by the governor or subject to gubernatorial veto. S.D. Const. art. IV, § 4.

[¶11.]    HJR 5003 is not a law enacted by the Legislature. It does not contain an enacting clause and was not submitted to the Governor for signature or veto. It is a joint resolution proposing an amendment to Article XI to the voters of the state pursuant to Article XXIII, § 1. Only if approved by the voters will Article XI, § 16 become a part of the Constitution. S.D. Const. art. XXIII, § 3. The Secretary of State correctly determined that HJR 5003 does not constitute a law subject to referral and that he had no authority to file the petition.

[¶12.]    Writ denied.

[¶13.]    JENSEN, Chief Justice, and KERN, SALTER, DEVANEY, and MYREN, Justices, concur.