24CA0448 Peo v Patterson 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0448
Arapahoe County District Court No. 22CR1231
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Allen David Patterson,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Allen David Patterson, Pro Se

¶ 1     Defendant, Allen David Patterson (Patterson), appeals the postconviction court's order denying his Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     In June 2022, the prosecution charged Patterson with ten counts of sexual assault on a child committed as part of a pattern of abuse and two aggravated sex offense counts.  Patterson pled guilty to added counts of child abuse pursuant to section 18-6-401(1)(a), (7)(a)(III), C.R.S. 2024, and sexual exploitation of a child pursuant to section 18-6-403(3)(a), C.R.S. 2024, in exchange for the dismissal of the original charges and a stipulated, aggregate sentence of thirty years in the custody of the Department of Corrections.

¶ 3     Patterson filed a motion titled "Motion to Vacate, Set Aside, and/or Dismiss for want/or Lack of Subject Matter Jurisdiction and/or Personal Jurisdiction."  He alleged, among other things, that the court lacked jurisdiction to enter a conviction on his guilty pleas because the Colorado Revised Statutes were constitutionally required to, but did not, include enacting clauses for the statutes defining the offenses to which he pled guilty.

1

¶ 4　　　The postconviction court construed Patterson's motion as filed pursuant to Crim. P. 35(c) and denied it without holding a hearing or appointing counsel.  *See* Crim. P. 35(c)(2)(III) (defendants may challenge their conviction on the basis that the court lacked subject matter or personal jurisdiction); *see also People v. Knoeppchen*, 2019 COA 34, ¶ 6 ("[T]he substantive issues raised in a motion, rather than the label placed on such motion, . . . determine how the matter should be characterized."), *overruled on other grounds by People v. Weeks*, 2021 CO 75, ¶ 47 n.16.  Relying on *People v. Washington*, 969 P.2d 788 (Colo. App. 1998), the court found that it had jurisdiction over this matter because the official session laws defining the offenses to which Patterson pled guilty properly contained the constitutionally required enacting clauses.

## II.　Standard of Review and Applicable Law

¶ 5　　　We review a district court's denial of a Crim. P. 35(c) motion without a hearing de novo.  *People v. Cali*, 2020 CO 20, ¶ 14.  A Crim. P. 35(c) motion may be denied without an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

2

¶ 6 Article V, Section 18, of the Colorado Constitution, titled "Enacting clause," provides that "[t]he style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado'."

¶ 7 The session laws of Colorado are the official publication of the enactments of the General Assembly. *Washington*, 969 P.2d at 789; *see also* § 24-70-223(1), C.R.S. 2024. The Colorado Revised Statutes include, among other things, a compilation of the session laws. *Washington*, 969 P.2d at 789; *see also* §§ 2-5-101 to -126, C.R.S. 2024. The Colorado Revised Statutes are the official publication of the statutes of Colorado and may be considered as evidence in Colorado courts. § 2-5-118(1)(a), C.R.S. 2024; *People v. Summers*, 208 P.3d 251, 259 (Colo. 2009).

¶ 8 To craft the Colorado Revised Statutes, the revisor of statutes is required to "compile, edit, arrange, and prepare for publication all laws of the state of Colorado of a general and permanent nature." § 2-5-101(1), C.R.S. 2024. To fulfill this duty, the revisor must "[a]dopt a uniform system of punctuation, capitalization, and wording"; "[e]liminate all obsolete and redundant wording of laws"; "[c]orrect obvious errors and inconsistencies"; "[c]orrect inaccurate

3

references to the titles of officers, departments, or other agencies of the state and to other statutes, and make such other name changes as are necessary to be consistent with the law currently in effect"; "[e]liminate any duplications in law and any laws repealed directly or by implication"; and "[c]larify existing laws, modernize terminology, and make such other nonsubstantive changes as the committee considers proper." § 2-5-103(1)(a)-(f), C.R.S. 2024; *see also Washington*, 969 P.2d at 789. The revisor is authorized to make changes in the arrangement and terminology of the statutes to improve the style and clarity of the laws. § 2-5-103(2).

¶ 9    The compilation contains both statutory laws and nonstatutory material. § 2-5-101(3); *see also* § 2-5-102, C.R.S. 2024. The nonstatutory material includes references to the statutory history of each section. § 2-5-102(1)(a). These references to the session laws are to "permit a researcher to locate the source legislation." *Washington*, 969 P.2d at 789.

¶ 10    "[T]he statutory compilation is produced to aid the public in locating relevant statutes and ascertaining their precise language by combining initial enactments, amendments, and repeals into a single source organized by subject." *Id.*

## III.   Analysis

¶ 11    On appeal, Patterson raises multiple challenges to, and asks us to not follow, the holding in *Washington*.  We are not persuaded.

¶ 12    In *Washington*, the defendant argued, like here, that the court lacked jurisdiction to enter conviction on his guilty plea because the statute defining the crime to which he pled guilty, as it was published in the Colorado Revised Statutes, lacked the enacting clause.  *Id.* at 788-89.  A division of this court rejected this argument, reasoning that "because the act adopting the statutory compilation itself contains the proper enacting clause," omitting that clause "from the [published] Colorado Revised Statutes does not render the statutes unconstitutional, and there was no constitutional deficiency in [the] defendant's conviction."  *Id.* at 790.

¶ 13    We agree with the reasoning in *Washington* and conclude that the enacting clause is not constitutionally required to be included in the Colorado Revised Statutes.  *Cf. Summers*, 208 P.3d at 259 (a statutory provision that appeared in the session laws, but not the Colorado Revised Statutes, was enforceable).

¶ 14    Because the session laws defining the offenses to which Patterson pled guilty contained enacting clauses, *see* Ch. 216, sec.

2, § 18-6-401(1)(a), 1999 Colo. Sess. Laws 801, 803; Ch. 274, sec. 1, § 18-6-403(3)(a), 2015 Colo. Sess. Laws 1113, 1115, we conclude that the court had jurisdiction to enter convictions on his guilty pleas.

¶ 15     Finally, Patterson attempts to incorporate by reference the other arguments raised in his postconviction motion, but which he has not specifically reasserted on appeal.  This is not permitted.  *See* C.A.R. 57; *People v. Gutierrez-Vite*, 2014 COA 159, ¶ 28.  Accordingly, those arguments are abandoned, and we decline to address them.  *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

## IV.   Conclusion

¶ 16     The order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.