**Glen ANSTINE, U.S. bankruptcy trustee for Builders Home Warranty, Inc., Plaintiff–Appellee,**

v.

**Michael CHURCHMAN, Defendant–Appellant.**

No. 02CA0271.

Colorado Court of Appeals, Div. V.

March 13, 2003.

Rehearing Denied June 12, 2003.

Kerr Brosseau Bartlett O'Brien, LLC, Dennis J. Bartlett, Mary Beth Taylor, Denver, Colorado, for Plaintiff–Appellee.

Michael Churchman, Pro Se.

Opinion by Judge TAUBMAN.

In this action to recover damages for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and negligence, defendant, Michael Churchman, appeals the trial court's default judgment entered against him in favor of plaintiff, Glen Anstine. We reverse and remand.

Anstine is the appointed bankruptcy trustee for Builders Home Warranty, Inc. (BHW), a Colorado corporation currently in bankruptcy proceedings. Anstine filed a complaint against Churchman and six other parties based upon his alleged negligence while acting as an insurance intermediary and broker on behalf of BHW, for breach of fiduciary duties owed to BHW, and for aiding and abetting the breach of fiduciary duties by another defendant. The complaint alleged that Churchman was involved in a scheme to transfer more than $1,500,000 to offshore accounts.

After being served with a summons in his home state of Texas, Churchman filed a motion to quash service and to dismiss for lack of personal jurisdiction. The trial court denied Churchman's motion and ordered him to file an answer by December 31, 2001. The trial court denied Churchman's motion to reconsider.

On December 28, 2001, Churchman appealed the trial court's denial of his motion to quash service and dismiss for lack of jurisdiction. Anstine moved to dismiss Churchman's appeal because there was no final order. Churchman consented to Anstine's motion to dismiss, and the appeal was dismissed by an order entered on January 25, 2002. This court's mandate issued on March 18, 2002.

However, while Churchman's appeal was pending, Anstine filed a motion for default judgment against Churchman in the trial court because he had not filed an answer or other responsive pleading. On January 22, 2002, the trial court granted the motion and entered default judgment against Churchman in the amount of $1,795,127.90. This appeal followed.

Churchman contends the trial court lacked jurisdiction to enter a default judgment against him while his appeal was pending before this court. We agree.

■ "A trial court retains jurisdiction to act on matters that are not relative to and do not affect the judgment on appeal." *People v. Stewart*, 55 P.3d 107, 126 (Colo.2002). In *Stewart*, the supreme court cited *Molitor v. Anderson*, 795 P.2d 266 (Colo.1990), and *People v. Dillon*, 655 P.2d 841, 844 (Colo.1982).

■ In *Molitor*, the supreme court analyzed in depth the relationship between trial and appellate court jurisdiction. Generally, once an appeal is taken, a trial court is divested of jurisdiction to determine substantive matters that directly affect the judgment being appealed unless the appellate court has issued a remand order. *Molitor v. Anderson, supra,* 795 P.2d at 269. Further, a trial court's jurisdiction is not restored until the mandate from the appellate court issues. *See Hrabczuk v. John Lucas Landscaping*, 888 P.2d 367, 368 (Colo.App. 1994)(one of the functions of a mandate is to

restore jurisdiction to the court whose judgment is being appealed).

In *Dillon,* the supreme court stated:

Unless otherwise specifically authorized by statute or rule, once an appeal has been perfected, the trial court has no jurisdiction to issue further orders in the case relative to the order or judgment appealed from. Consequently, should it be necessary for the trial court to act, other than in aid of the appeal or pursuant to specific statutory authorization, the proper course would be for a party to obtain a limited remand from the appellate court.

*People v. Dillon, supra,* 655 P.2d at 844 (footnote omitted).

■ Here, the issue of personal jurisdiction over Churchman pending in the first appeal directly affected the default judgment entered by the trial court. If the trial court lacked personal jurisdiction over Churchman, it had no authority to enter a default judgment against him. *See Rainsberger v. Klein,* 5 P.3d 351, 353 (Colo.App.1999)(default judgment is void if entered when the trial court lacks personal jurisdiction over a defendant because of invalid service of process). The trial court entered a default judgment against Churchman on January 22, 2002, four days before this court dismissed his appeal.

Because an appeal was pending, Anstine should have either requested a limited remand from this court or waited until the appellate process had concluded. *See People v. Dillon, supra.*

Further, because Churchman's appeal challenged the trial court's authority over him, this default judgment did not fall within the limited circumstances where the trial court retained jurisdiction. *See Colo. State Bd. of Med. Exam'rs v. Lopez–Samayoa,* 887 P.2d 8, 15 (Colo.1994).

*Molitor* is instructive in this case because, there, the supreme court concluded that even though the appeal was filed late, the court of appeals had jurisdiction from the time the notice of appeal was filed. The court of appeals also had jurisdiction to consider the timeliness of the appeal. *Molitor v. Anderson, supra,* 795 P.2d at 270. Similarly, here, this court had jurisdiction over the

appeal once the notice of appeal was filed, even though the appeal may have been improper because it did not involve a final judgment.

Therefore, when the trial court entered its order of default judgment, it lacked jurisdiction. *See Molitor v. Anderson, supra; People v. Dillon, supra; Hrabczuk v. John Lucas Landscaping, supra.*

Anstine relies on *Fiebig v. Wheat Ridge Reg'l Ctr.,* 782 P.2d 814 (Colo.App.1989), for the proposition that an appeal to a court without jurisdiction does not divest the trial court of jurisdiction to proceed with the action on the merits. He also relies on *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338 (10th Cir.1976), and *Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563 (10th Cir. 1979), for the proposition that an appeal of a nonappealable order does not divest the trial court of jurisdiction. We are not persuaded.

In *Fiebig,* a division of this court concluded, "Although as a general rule the filing of a notice of appeal seeking judicial review divests an administrative agency of jurisdiction, an appeal to a court without jurisdiction does not divest the agency of jurisdiction to proceed with the action on the merits." *Fiebig v. Wheat Ridge Regional Center, supra,* 782 P.2d at 816.

In *Molitor,* the supreme court implicitly overruled *Fiebig,* to the extent it can be applied to a trial court as opposed to an administrative agency, by holding that unless a statute or rule provides otherwise, once an appeal is taken, a trial court is divested of jurisdiction to determine substantive matters that directly affect the judgment being appealed. *See Molitor v. Anderson, supra,* 795 P.2d at 269. Here, no statute or rule confers jurisdiction on trial courts when an appeal has arguably been filed improperly.

■ Because it is not always clear whether an order is appealable, an exception for nonfinal orders would put trial courts in the problematic position of having to determine in advance whether an order was properly appealed. *See generally* Leonard P. Plank & Anne Whalen Gill, *Colorado Appellate Law and Practice* §§ 4.1–4.19 (1999)(discussing final judgments). For example, the

"denial of a motion for summary judgment is not a final determination on the merits and, therefore, is not an appealable interlocutory order." *Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244, 1247 (Colo.1996). However, governmental defendants may file an interlocutory appeal of the denial of a motion for summary judgment in an action brought pursuant to 42 U.S.C. § 1983 (2002) when a qualified immunity defense is based on a question of law. *Furlong v. Gardner,* 956 P.2d 545, 550–51 (Colo.1998).

This case illustrates the complex question of jurisdiction between the trial and appellate courts. The trial court entered default judgment before this court issued its mandate dismissing Churchman's appeal. Had the trial court acted after the mandate issued, it would have had jurisdiction.

While federal courts have ruled that an appeal from a nonappealable order does not divest the trial court of jurisdiction, that is not the law in Colorado, and we are bound to follow precedent set by the supreme court. *See Order of United Commercial Travelers v. Boaz,* 27 Colo.App. 423, 429, 150 P. 822, 825 (1915)(decisions by supreme court are binding on the court of appeals).

In addition, "[t]he appellate process would indeed become a quagmire of uncertainty if parties could obtain trial court alteration of rulings subject to an appeal during the pendency of that appeal." *Molitor v. Anderson, supra,* 795 P.2d at 268. Therefore, policy considerations favor a rule that prohibits trial courts from exercising jurisdiction over judgments and orders that are pending before an appellate court.

Accordingly, we reverse the default judgment entered against Churchman.

In light of our disposition, we do not address Churchman's remaining contentions.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge NIETO concur.