94 P.3d 1243 (2004)
Laurence WOZNICKI, Plaintiff-Appellee,
v.
John MUSICK and W/J Ranch, Inc., Defendants-Appellants.
No. 03CA2505.
Colorado Court of Appeals, Div. A.
June 17, 2004.
*1244 Stevens Littman Biddison Tharp & Weinberg, LLC, Mark E. Biddison, Boulder, Colorado, for Plaintiff-Appellee.
Appel & Lucas, P.C., Garry R. Appel, Denver, Colorado, for Defendants-Appellants.
Opinion by Chief Judge DAVIDSON.
Upon consideration of the parties' responses, this court's order to show cause entered on February 20, 2004 is discharged.
This case involves several intertwined claims and cross-claims concerning ownership of stock in the Salvation Ditch Company. Because of the large number of parties and claims, a trial to a jury on all issues would have taken more than a month. The trial court ultimately determined that a jury could not be seated for this entire period, and therefore, the court split the determination of the case into five phases.
In September 2003, the trial court conducted Phase I of the trial to a jury. The court entered an order on September 25, 2003, based on the jury verdict resolving claims between the defendants, John Musick and W/J Ranch, Inc., and plaintiff, Laurence Woznicki, and awarding damages to Woznicki (Phase I order). When defendants filed their notice of appeal on December 26, 2003, the trial court had not granted C.R.C.P. 54(b) certification of the Phase I order. While this order completely resolved the claims between defendants and Woznicki, all parties now agree that it was not a final and appealable judgment pursuant to C.R.C.P. 54(a) because of the remaining parties and claims.
Thus, we ordered defendants to show cause why the appeal should not be dismissed without prejudice for lack of a final judgment. In response, defendants provided an order from the trial court entered on February 25, 2004, granting C.R.C.P. 54(b) certification of its September 25, 2003, order. However, no remand was granted by this court to the trial court for consideration of a C.R.C.P. 54(b) motion.
We then deferred ruling upon the order to show cause and asked the parties for further briefing on whether the trial court had jurisdiction to enter the February 25, 2004, certification order once the notice of appeal had been filed.
Meanwhile, the trial court conducted the Phase II trial to a jury without a remand from this court. The resulting order was also certified under C.R.C.P. 54(b) by the trial court on February 25, 2004. A separate notice of appeal regarding Phase II was filed on March 25, 2004. We have deferred action on the Phase II notice of appeal because of the unresolved issue of whether the trial court had jurisdiction to conduct further proceedings on any substantive claim once the Phase I notice of appeal was filed.

*1245 I.
The issue we must decide is whether the filing of a notice of appeal from a nonfinal judgment divests the trial court of jurisdiction to consider further substantive issues related to the merits of the case. We conclude that, unlike a perfected appeal from a final judgment pursuant to C.R.C.P. 54(a), a premature notice of appeal does not divest the trial court of jurisdiction.
In Anstine v. Churchman, 74 P.3d 451 (Colo.App.2003), a division of this court concluded that an invalid notice of appeal divests the trial court of jurisdiction to consider substantive matters related to the judgment. First, we consider whether Anstine is inapplicable because the entry of C.R.C.P. 54(b) certification and the trial on Phase II are either collateral to the Phase I judgment or ministerial in nature. Next, while we conclude that these actions were neither collateral nor ministerial, we decline to follow the rule in Anstine and conclude that the trial court had jurisdiction to enter the C.R.C.P. 54(b) certification and conduct the Phase II proceedings. See In re Estate of Becker, 32 P.3d 557, 563 (Colo.App.2000) ("[W]hile divisions of this court generally have given considerable deference to the decisions of other panels, one panel is not obligated to follow the precedent established by another."), aff'd sub nom. In re Estate of DeWitt, 54 P.3d 849 (Colo.2002).

A.
Although a trial court retains jurisdiction to act on matters that are not relative to and do not affect the judgment on appeal, see, e.g., People v. Stewart, 55 P.3d 107 (Colo.2002), neither the entry of C.R.C.P. 54(b) certification nor the trial on Phase II were collateral to the Phase I judgment or ministerial in nature.
C.R.C.P. 54(b) provides in part:
In the absence of [C.R.C.P. 54(b) certification], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Thus, because the Phase I order was not certified under C.R.C.P. 54(b) when the appeal was filed, it remained subject to revision until resolution of the remaining claims.
Moreover, because the decision to certify an order under C.R.C.P. 54(b) is within the sound discretion of the trial court, and that very decision invests the appellate court with jurisdiction, the entry of such an order cannot be classified as either collateral or ministerial. Indeed, that is the rule in jurisdictions that hold a trial court is deprived of jurisdiction by the filing of a premature notice of appeal. See Williams v. Bernhardt Bros. Tugboat Serv., Inc., 357 F.2d 883, 884 (7th Cir.1966)("the appeal already having been taken to this court, the district court was without jurisdiction to enter the delayed certificate").

B.
We conclude nevertheless that the trial court retained jurisdiction to enter the C.R.C.P. 54(b) certification and to conduct the Phase II proceedings.
As relevant here, and absent an applicable exception provided by rule or statute, this court has jurisdiction to consider an appeal only from a final judgment. Section 13-4-102, C.R.S.2003. A final judgment is one that "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." D.H. v. People, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)(quoting Stillings v. Davis, 158 Colo. 308, 310, 406 P.2d 337, 338 (1965)); see C.R.C.P. 54(a). Once an appeal is perfected from a final judgment, jurisdiction over the case is transferred from the trial court to the appellate court with regard to the substantive issues that are the subject of the appeal. Molitor v. Anderson, 795 P.2d 266 (Colo.1990).
At issue in Molitor v. Anderson, supra, was whether the trial court retained jurisdiction to deny a C.R.C.P. 60(b) motion after an appeal of a trial court's final judgment had been perfected by the filing of a notice of *1246 appeal. The supreme court determined that the trial court was divested of jurisdiction for all essential purposes with regard to the substantive issues on appeal.
Unlike the division in Anstine v. Churchman, supra, we do not read Molitor to hold that the filing of any notice of appeal deprives the trial court of jurisdiction. Instead, we construe the rule in Molitor to apply only to perfected appeals from final judgments. Molitor v. Anderson, supra, 795 P.2d at 268 ("Once a judgment is final ... trial court proceedings concerning the substance of that judgment are concluded and the appellate court assumes control over all matters pertaining to the propriety thereof." (emphasis added)).
Significantly, Molitor and the cases it relied on concerned appeals from final orders or judgments. Furthermore, while an appellate court such as ours always has limited jurisdiction to determine the full extent of its jurisdiction, see Davidson Chevrolet, Inc. v. City & County of Denver, 138 Colo. 171, 174, 330 P.2d 1116, 1118 (1958)("Every court has judicial power to hear and decide the question of its own jurisdiction."), it is powerless to act on the substantive merits of an appeal in the absence of a final order or judgment.
Consequently, because we have no jurisdiction over the substance of a nonfinal judgment or order, such jurisdiction must remain in the trial court. See Arevalo v. Colo. Dep't of Human Servs., 72 P.3d 436, 437 (Colo.App.2003)("A trial court and an appellate court cannot hold concurrent jurisdiction to determine substantive matters that directly affect the judgment of the trial court."); see Ruby v. Secretary of United States Navy, 365 F.2d 385, 388 (9th Cir.1966)(jurisdiction must reside in either district court or appellate court and "cannot float in the air"). Thus, we have no authority to divest a trial court of jurisdiction over the merits of a case upon the filing of a premature notice of appeal.
As to the "concept of finality" emphasized in Molitor, we appreciate that allowing a trial court to modify a judgment while that judgment is on appeal would undermine the finality of the judgment upon which the appeal is based. See People v. Dist. Court, 638 P.2d 65 (Colo.1981). However, our conclusion that a prematurely filed notice of appeal does not deprive a trial court of continuing jurisdiction does not injure this principle. Rather, it underscores the critical distinction between the type of jurisdiction that transfers to the appellate court once the trial court has issued a final order or judgment and the limited jurisdiction always maintained by the appellate court, even in the absence of a final order or otherwise properly perfected appeal, to determine its own jurisdiction. See USM Corp. v. GKN Fasteners, Ltd., 574 F.2d 17, 18 (1st Cir.1978)(courts of appeal always have jurisdiction to determine whether they have jurisdiction to entertain appeal); Molitor v. Anderson, supra, 795 P.2d at 270 (contrasting authority of court of appeals to decline to exercise jurisdiction over untimely filed appeal with absence of trial court jurisdiction to consider C.R.C.P. 60(b) motion once appeal from final judgment had been filed).
Moreover, if jurisdiction in the trial court continues even though a premature notice of appeal has been filed, it would aid rather than hamper the effective administration of judicial process. The contrary rule would leave the judicial system powerless to prevent delays, whether caused by intentionally dilatory tactics or negligence, obstruct the nonappealing party's right to continuing trial court jurisdiction, and inhibit the smooth and efficient functioning of the judicial process. See Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102 (8th Cir.1999); Smiley v. Atkinson, 12 Md.App. 543, 280 A.2d 277 (1971), aff'd, 265 Md. 129, 287 A.2d 770 (1972); Holste v. Burlington N. R.R., 256 Neb. 713, 592 N.W.2d 894 (1999).
Importantly, here, were we to hold that the trial court was deprived of jurisdiction by the prematurely filed notice of appeal, we would also have to conclude that the trial court did not have jurisdiction to conduct Phase II of the case or to enter the C.R.C.P. 54(b) certifications.
We recognize that the division in Anstine v. Churchman, supra, sought to create a bright line rule eliminating the need for a trial court to determine in advance whether an order was properly appealed. However, even if we were to assume that we have the *1247 authority to adopt such bright line rule, we conclude that any efficiency gained is outweighed by the potential delays and redoubling of efforts caused by such a rule.
Moreover, in most cases, the trial court should have little difficulty identifying a manifestly unappealable order or judgment. Of course, in the interests of judicial economy and fairness to the parties, the trial court may always choose to refrain from further action in a case if a questionable notice of appeal has been filed. And in the event that a party filing a notice of appeal disagrees with the trial court's determination to proceed with the substance of the case, it may seek relief in the supreme court. See C.A.R. 21; cf. United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir.1979)("In the rare case where a district court proceeded wrongly, assuming the notice of appeal to be ineffective, the appellant may seek the aid of the court of appeals by applying for a writ of prohibition under 28 U.S.C.A. § 1651.").
We note that, although the authorities are split on this question, we adopt the position today taken by a majority of federal and state courts. Missouri ex rel. Nixon v. Coeur D'Alene Tribe, supra; Howard v. Mail-Well Envelope Co., 150 F.3d 1227 (10th Cir.1998); Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., 84 F.3d 1186 (9th Cir.1996); United States v. Green, 882 F.2d 999 (5th Cir.1989); Robinson v. Tanner, 798 F.2d 1378 (11th Cir.1986); United States v. Bastanipour, 697 F.2d 170 (7th Cir.1982); Cochran v. Birkel, 651 F.2d 1219 (6th Cir.1981); Leonhard v. United States, 633 F.2d 599 (2d Cir.1980); Hodgson v. Mahoney, 460 F.2d 326 (1st Cir.1972); Yaeger v. Vance, 20 Ariz.App. 399, 513 P.2d 688 (1973); Camp v. Jiminez, 107 Idaho 878, 693 P.2d 1080 (Idaho Ct.App.1984); Smiley v. Atkinson, supra; Spaeth v. City of Plymouth, 344 N.W.2d 815 (Minn.1984); Reynolds v. Reynolds, 109 S.W.3d 258 (Mo.Ct.App.2003); Holste v. Burlington N. R.R., supra; Knox v. Dick, 99 Nev. 514, 665 P.2d 267 (1983); State v. Edmisten, 291 N.C. 361, 230 S.E.2d 671 (1976); United Accounts, Inc. v. Teladvantage, Inc., 499 N.W.2d 115 (N.D.1993); Sakian v. Taylor, 18 Ohio App.3d 62, 480 N.E.2d 822 (1984); S.C. Pub. Serv. Auth. v. Arnold, 287 S.C. 584, 340 S.E.2d 535 (1986). But see Williams v. Bernhardt Bros. Tugboat Serv., Inc., supra; Chapman v. Universal Underwriters Ins. Co., 549 So.2d 679 (Fla.Dist.Ct.App.1989).
Accordingly, we hold that a premature notice of appeal does not render void for lack of jurisdiction acts of the trial court taken during the interval between the filing of the invalid notice of appeal and the dismissal of the appeal by this court.

II.
Finally, now that the trial court has entered C.R.C.P. 54(b) certification of the Phase I order, we must determine whether the Phase I appeal should be dismissed without prejudice or whether it may proceed. We conclude that although defendants' notice of appeal was premature, because Woznicki was not prejudiced by the early filing and the jurisdictional defect has now been cured, the appeal may proceed as if filed on February 25, 2004. See Kidwell v. K-Mart Corp., 942 P.2d 1280 (Colo.App.1996); see also Cato v. Fresno City, 220 F.3d 1073 (9th Cir.2000)(appellate court can assume jurisdiction based on a prematurely filed notice of appeal when subsequent events can validate the prematurely filed appeal). But see Century Laminating, Ltd. v. Montgomery, 595 F.2d 563 (10th Cir.1979).
The order to show cause is discharged, and the appeal shall proceed. The record has been received and is accepted. Appellants shall file an opening brief within forty days of the date of this order. A separate scheduling order shall issue for the appeal regarding Phase II.
Judge ROY and Judge LOEB concur.