**John D. MUSICK, Jr.; and W/J Ranch, Inc., Petitioners,**

v.

**Laurence WOZNICKI, Respondent.**

**No. 05SC364.**

Supreme Court of Colorado, En Banc.

May 30, 2006.

Rehearing Denied June 26, 2006.

Appel & Lucas, P.C., Garry R. Appel, Denver, for Petitioners.

Stevens, Littman, Biddison, Tharp & Weinberg, LLC, Mark E. Biddison, Boulder, for Respondent.

BENDER, Justice.

## I. Introduction

We review the court of appeals decision in *Woznicki v. Musick*, 94 P.3d 1243 (Colo.App. 2004), which held that a premature notice of appeal of a nonfinal judgment does not divest the trial court of jurisdiction.[1]

During the course of a complex case that was divided into three phases for trial, Musick appealed a ruling of the trial court before the trial court had certified it pursuant to C.R.C.P. 54(b). Generally, the filing of a notice of appeal shifts jurisdiction to the appellate court, thus divesting the trial court of jurisdiction to conduct further substantive action related to the judgment on appeal. However, Colorado Revised Statute section 13–4–102 mandates that the court of appeals has jurisdiction over appeals of final judgments. We conclude that a trial court ruling that is subject to C.R.C.P. 54(b) certification but is not yet certified does not constitute a final judgment for the purposes of appeal.

We therefore agree with the court of appeals' analysis and conclusion and hold that, barring extraordinary circumstances, a judgment must be certified under C.R.C.P. 54(b) in order to be considered final and sufficient to transfer jurisdiction to the court of appeals. Accordingly, we further hold that the trial court in this case had jurisdiction to certify the Phase I judgment on appeal, conduct the Phase II trial proceedings, and certify the Phase II verdict.

We affirm. We hold that a trial court is not divested of jurisdiction when a party files a premature notice of appeal of a nonfinal judgment. As applied here, we hold, as did the court of appeals, that the jurisdictional defect has been cured, render-

---

1. The precise issue on which we granted certiorari is whether the court of appeals was correct in finding that the trial court was not divested of jurisdiction where the petitioner filed a notice of appeal from a trial court ruling before the court certified its ruling under C.R.C.P. 54(b).

ing the appeal ripe to proceed as of the date of the trial court's certification of its judgment.

## II. Facts and Proceedings Below

The case underlying this appeal encompassed several parties, claims, and cross-claims related to ownership of Salvation Ditch Company stock and real estate in Aspen, Colorado. Due to difficulties in seating a jury for the entire month-long trial, the trial court divided the proceeding into three phases (Phase I, Phase II, and Phase III). At the conclusion of Phase I, the jury returned a verdict in favor of plaintiff Laurence Woznicki and against defendants John Musick, Jr. and W/J Ranch.[2] The trial court entered an order reflecting the jury verdict. The trial court then conducted Phase II of the trial.

Musick filed a notice of appeal of the Phase I verdict though the trial court had not yet issued a certification of the Phase I order pursuant to C.R.C.P. 54(b). The court of appeals ordered Musick to show cause why the appeal should not be dismissed without prejudice for lack of a final judgment. Musick then produced an order from the trial court, issued after he had filed his notice of appeal, granting C.R.C.P. 54(b) certification of the Phase I and Phase II verdicts. Accordingly, the court of appeals deferred ruling on the order to show cause and requested briefing on whether the trial court retained jurisdiction to issue the certification orders and to conduct the Phase II trial after Musick filed the notice of appeal.

In its decision on whether the trial court retained jurisdiction to issue the Phase I certification order after the notice of appeal was filed, the court of appeals considered whether *Anstine v. Churchman*, 74 P.3d 451 (Colo.App.2003), was applicable. In *Anstine*, a different division of the court of appeals held that appeal of a nonappealable order divests the trial court of jurisdiction to determine substantive matters directly affecting

the judgment being appealed. *Id.* at 454. The court of appeals concluded that, since the trial court's actions in certifying the Phase I judgment and conducting the Phase II trial were neither ministerial nor collateral, *Anstine* was applicable. *Woznicki*, 94 P.3d at 1245. However, the court of appeals declined to follow *Anstine* and held that the trial court had jurisdiction to enter the C.R.C.P. 54(b) certification and conduct the Phase II proceedings.[3] *Id.*

In reaching its determination, the court of appeals employed a different reading of the case relied upon by the *Anstine* court, *Molitor v. Anderson*, 795 P.2d 266 (Colo.1990). The *Anstine* court interpreted *Molitor* broadly as standing for the principle that, "once an appeal is taken, a trial court is divested of jurisdiction to determine substantive matters that directly affect the judgment being appealed unless the appellate court has issued a remand order." *Anstine*, 74 P.3d at 452. In *Woznicki*, however, the court of appeals employed a more narrow reading of *Molitor* as applying only to appeals of final judgments:

> Unlike the division in *Anstine v. Churchman*, *supra*, we do not read *Molitor* to hold that the filing of *any* notice of appeal deprives the trial court of jurisdiction. Instead, we construe the rule in *Molitor* to apply only to perfected appeals from final judgments.

*Woznicki*, 94 P.3d at 1246 (citation omitted). Relying on this interpretation of *Molitor*, the court of appeals concluded that, because it has no authority to address the substantive issues of an appeal without a final order or judgment, a trial court retains jurisdiction over the merits of a case until rendering a final order or judgment. Thus, the court of appeals held that Musick's premature notice of appeal, filed before the trial court finalized the Phase I judgment by issuing a C.R.C.P. 54(b) certification of its Phase I order, did not deprive the trial court of jurisdiction to certify the order or conduct Phase II of the trial during the time between the filing of the

---

2. For simplicity, we refer to Petitioners and defendants below, John Musick, Jr. and W/J Ranch, as Musick.

3. After the court of appeals rendered this decision, another division of the court of appeals decided the appeal of Phase I on the merits in *Woznicki v. Musick*, 119 P.3d 567 (Colo.App. 2005).

invalid notice of appeal and the court of appeals' dismissal of that appeal.

We accepted certiorari to determine whether the court of appeals erred in concluding that the trial court retained jurisdiction.

## III. Analysis

We begin our analysis with an examination of the circumstances in which a trial court retains jurisdiction, followed by a discussion of appellate jurisdiction and C.R.C.P. 54(b).

Musick contends that the act of filing an appeal, whether or not improperly, transfers jurisdiction from the trial court to the court of appeals. Thus, we must discern what circumstances could have caused jurisdiction to transfer to the court of appeals in this case, leaving the trial court without jurisdiction to certify the Phase I judgment and conduct the Phase II trial.

We note at the outset that "[a] trial court retains jurisdiction to act on matters that are not relative to and do not affect the judgment on appeal." *People v. Stewart*, 55 P.3d 107, 126 (Colo.2002) (citing *People v. Dillon*, 655 P.2d 841, 844 (Colo.1982); *Molitor*, 795 P.2d at 268). Accordingly, we first consider whether the Phase I verdict certification and the Phase II trial were matters not relative to the judgment on appeal and therefore remained within the trial court's jurisdiction. If we determine either subsequent trial court action was not relative to the appeal of the Phase I judgment, we need not engage in further inquiry regarding that action.

We begin with the Phase I verdict certification. By definition, the certification of the judgment on appeal is closely related to the judgment on appeal. Hence, we cannot conclude that the trial court retained jurisdiction to certify the Phase I judgment because it was a matter not relative to and that did not affect the appeal of that Phase I judgment.

However, whether the trial court's action in conducting the Phase II trial is relative to and affects the Phase I judgment on appeal is less clear. Claims must be separable to some degree in order to qualify for C.R.C.P. 54(b) certification. *See, e.g., Harding Glass* Co., Inc. v. Jones, 640 P.2d 1123, 1125 (Colo. 1982). Thus, the Phase II trial arguably was not relative to the Phase I judgment. If the Phase II trial was not relative to the Phase I judgment, then the trial court would have retained jurisdiction to conduct the Phase II trial after Musick filed his notice of appeal for Phase I. But we need not address that possibility today, as we ultimately hold that the trial court retained jurisdiction to conduct the Phase II trial because Musick's appeal of the Phase I judgment was improper. Hence, we direct our analysis to a determination of when jurisdiction generally shifts from the trial court to the court of appeals.

Musick argues that longstanding Colorado precedent supports his contention that jurisdiction shifted in this case from the trial court to the appellate court simply because an appeal was filed. In support of his assertion, Musick cites a case that addressed an appeal of agency action, *Colo. State Bd. of Med. Exam'rs v. Lopez–Samayoa*, 887 P.2d 8 (Colo.1994), and a criminal case, *People v. Dillon*, 655 P.2d 841, 844 (Colo.1982) ("Unless otherwise specifically authorized by statute or rule, once an appeal has been perfected, the trial court has no jurisdiction to issue further orders in the case relative to the order or judgment appealed from."). We agree that both of these cases support the general idea that, once an appeal is properly underway, jurisdiction transfers to the appellate court. And we do not disagree with this principle. *See Molitor*, 795 P.2d at 268 ("Courts universally recognize the general principle that once an appeal is perfected jurisdiction over the case is transferred from the trial court to the appellate court for all essential purposes with regard to the substantive issues that are the subject of the appeal."). However, neither *Lopez–Samayoa* nor *Dillon* addressed the specific, narrow issue we examine today—whether the trial court is divested of jurisdiction when a party files an appeal before the trial court certifies the appealed ruling under C.R.C.P. 54(b). To answer this question, we continue our analysis with an examination of the jurisdiction of the court of appeals and the mandates of C.R.C.P. 54(b).

Colorado statute and the Colorado Appellate Rules address the jurisdiction of the court of appeals. Section 13–4–102 provides that "the court of appeals shall have initial jurisdiction over appeals from *final judgments* of the district courts" and various other courts, subject to certain exceptions that are not relevant to our analysis. § 13–4–102(1), C.R.S. (2005) (emphasis added). Our appellate rules also regulate appeals from trial courts to appellate courts, mandating that "*[u]pon the filing of the notice of appeal,* the appellate court shall have exclusive jurisdiction over the appeal and all procedures concerning the appeal unless otherwise specified by these rules." C.A.R. 3(a) (emphasis added). Thus, section 13–4–102 and C.A.R. 3 appear to conflict: the statute requires judgments to be final in order for the court of appeals to gain jurisdiction over final judgments, while the language of C.A.R. 3 confers jurisdiction merely upon the filing of an appeal.

■ To sort out this apparent conundrum, we begin with the Colorado Constitution. Article VI, section 1 grants the power to create lower courts to the General Assembly:

> The judicial power of the state shall be vested in a supreme court, district courts, a probate court in the city and county of Denver, a juvenile court in the city and county of Denver, county courts, *and such other courts or judicial officers with jurisdiction inferior to the supreme court, as the general assembly may, from time to time establish.*

Colo. Const. art. VI, § 1 (emphasis added). As a corollary to its power to create lower courts, the General Assembly has the authority to define the jurisdiction of those courts. *Denver County Court v. Lee,* 165 Colo. 455, 457, 439 P.2d 737, 738 (1968). Accordingly, the General Assembly exercised its constitutional power to create the court of appeals and define its jurisdiction when it enacted section 13–4–102.[4] As the power to delineate the jurisdiction of the court of appeals is within the purview of the General Assembly, we look to the language of jurisdictional statutes rather than that of court-created proce-

dural rules to discern the extent of the court of appeals' jurisdiction. *See White v. Dist. Court,* 695 P.2d 1133, 1135 (Colo.1984).

■ In looking first to the language of section 13–4–102 to set the parameters of the court of appeals' jurisdiction, we conclude that the statute does not conflict with C.A.R. 3. By requiring that judgments be final in order for the court of appeals to have jurisdiction over an appeal, section 13–4–102, which addresses the court of appeals specifically, marks the outer limits for that court's jurisdiction. Thus, in this context, C.A.R. 3, which addresses the jurisdiction of appellate courts generally, must be read as requiring transfer of jurisdiction to the court of appeals "[u]pon the filing of the notice of appeal" *of a final judgment. See Civil Serv. Comm'n v. Carney,* 97 P.3d 961, 967 (Colo.2004) ("Except where interlocutory review is appropriate, finality of judgment is the general prerequisite for appeal."). As such, we next determine whether the Phase I judgment that Musick appealed constituted a final judgment, the appeal of which was sufficient to transfer jurisdiction to the court of appeals.

### IV. Application

■ We begin this next step of our inquiry by defining what constitutes a final judgment. "Generally, judgment in a case is deemed final when it ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do except to execute the judgment." *Id.* (citing *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072, 1073 (Colo.1988)). But, because we analyze this issue in the context of C.R.C.P. 54(b), we also examine that rule and how it impacts the finality of judgments for purposes of appeal.

■ Colorado Rule of Civil Procedure 54(b) "provides an exception to the general requirement that an entire case must be resolved by a final judgment before an appeal is brought." *Carney,* 97 P.3d at 967 n. 7. The rule allows a trial court to direct entry

---

4. Formerly codified at section 37–21–2.

of final judgment upon a portion of the claims in a civil action:

> When more than one claim for relief is presented in an action, whether as a claim . . . or when multiple parties are involved, the court may direct the entry of a *final judgment* as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and *upon an express direction for the entry of judgment.* In the absence of such a determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

C.R.C.P. 54(b) (emphases added). When a trial court certifies a ruling as a final judgment under C.R.C.P. 54(b), it forecloses any further consideration of the issue, rendering "the claim properly postured for appellate review." *Gall v. Dist. Court,* 965 P.2d 1268, 1271 (Colo.1998). However, the certification must be correct in order for jurisdiction to shift to an appellate court. *Harding Glass Co., Inc.,* 640 P.2d at 1126. Thus, absent correct C.R.C.P. 54(b) certification, "litigation involving multiple claims or multiple parties is treated as a single action which is not final and appealable until all of the issues in the litigation are adjudicated." *Kempter v. Hurd,* 713 P.2d 1274, 1278 (Colo.1986).

 Musick relies primarily on *Molitor* to support his argument that his appeal of the Phase I verdict, even if improper, was sufficient to transfer jurisdiction to the court of appeals. *Molitor* is also the crux of the conflicting court of appeals' determinations of the issue on appeal. As discussed, Musick relies on *Anstine*'s broad interpretation of *Molitor* that a trial court loses jurisdiction to determine substantive matters related to the

judgment being appealed once the appeal is filed. *Anstine,* 74 P.3d at 452. The court of appeals in *Woznicki* extracted a more narrow rule from *Molitor:* a trial court loses jurisdiction to determine substantive matters related to the judgment on appeal once the appeal is filed only if the appeal is of a final judgment. *Woznicki,* 94 P.3d at 1246.

We agree with the interpretation of *Molitor* as set forth by the court of appeals in *Woznicki.* In *Molitor,* we considered "whether, after an appeal of a trial court's *final judgment* has been perfected by the filing of a notice of appeal, the trial court retains jurisdiction to consider and deny a C.R.C.P. 60(b) motion to vacate that judgment." *Molitor,* 795 P.2d at 267 (emphasis added). That case involved an untimely appeal of a final judgment. While the appeal was pending, one of the parties filed a C.R.C.P. 60(b) motion with the trial court to vacate the judgment. We held that the trial court did not retain jurisdiction to consider the motion absent a remand order from the court of appeals. *Id.* at 270.

We read the holding in *Molitor* as applying only to appeals of final judgments for two reasons. First, *Molitor* did not involve a non-certified judgment under C.R.C.P. 54(b). Rather, as the court of appeals in *Woznicki* noted, *Molitor* addressed a final judgment, as did the precedent upon which it relied. Second, our language in *Molitor* supports this interpretation. We concluded in *Molitor* that "a trial court may not determine matters affecting the substance of a judgment *once an appeal of that judgment has been perfected* unless the appellate court issues an order remanding the judgment to the trial court for that purpose." *Id.* at 269 (emphasis added). We also acknowledged that "under our procedural rules for the appeal of civil cases a trial court loses jurisdiction to consider any question concerning the substance of a *final judgment* after an appeal of that judgment had been perfected." *Id.* Thus, we interpret *Molitor* narrowly and hold that, barring extraordinary circumstances,[5] a judgment must

---

**5.** For this analysis, we need not determine what such extraordinary circumstances may be because the record reflects no evidence of unusual events other than impatience on the part of Mu-

sick. Woznicki filed an initial motion for certification of the Phase I verdict under C.R.C.P. 54(b) on November 28, 2003. Musick filed a response in opposition on December 10. Sixteen days

be certified under C.R.C.P. 54(b) in order to be considered final and sufficient to transfer jurisdiction to the court of appeals.

This holding is largely consistent with our existing case law. *See Mission Viejo Co. v. Willows Water Dist.*, 818 P.2d 254, 260 (Colo. 1991) (holding that, in the context of consolidated cases, a strong presumption exists that a judgment is not appealable absent C.R.C.P. 54(b) certification); *Smeal v. Oldenettel*, 814 P.2d 904, 908 (Colo.1991) (explaining that the trial court retained jurisdiction to revise a judgment when it had entered the judgment but had not directed a final judgment under C.R.C.P. 54(b)). However, Woznicki points to a decision of this court that arguably supports Musick's position. In *Levine v. Empire Sav. & Loan Ass'n*, 189 Colo. 64, 536 P.2d 1134 (1975), without engaging in discussion or analysis of the issue, we affirmed a decision of the court of appeals. The affirmed court of appeals opinion, *Levine v. Empire Sav. & Loan Ass'n*, 34 Colo.App. 235, 238, 527 P.2d 910, 911 (1974), held that a "trial court may not certify an order as a final judgment pursuant to C.R.C.P. 54(b) after the notice of appeal has been filed." Thus, to the extent that our decision in *Levine* may have adopted this holding, we overrule our prior opinion.

Finally, we echo the sound reasoning of the court of appeals in concluding that our holding today does not, as Musick contends, thwart the efficient functioning of the judicial system or unduly impede finality, an important jurisprudential goal. *Woznicki*, 94 P.3d at 1246; *e.g., People v. Wiedemer*, 852 P.2d 424, 434 (Colo.1993). While the automatic transfer of jurisdiction away from the trial court upon the filing of an appeal would constitute a bright-line test, it would also frustrate the judicial process. As the court of appeals noted, such a rule would render "the judicial system powerless to prevent delays, whether caused by intentionally dilatory tactics or negligence, obstruct the nonappealing party's right to continuing trial court jurisdiction, and inhibit the smooth and efficient functioning of the judicial system."

later, before the trial court ruled on the motion, Musick filed a notice of appeal on December 26,

*Woznicki*, 94 P.3d at 1246 (citations omitted). And the results could be particularly egregious in 54(b) actions such as the case before us. A party could repeatedly file appeals before judgments are certified, causing jurisdiction to shift to the court of appeals. The trial court would not have jurisdiction to proceed on any substantive matters until the court of appeals issued a remand. In this manner, disposition of the entire action could be indeterminably delayed. In the worst-case scenario, any party wishing to stall the action for any reason could simply file a notice of appeal at any point in the proceedings.

We acknowledge that allowing a trial court to retain jurisdiction after a party files a premature notice of appeal could, in rare cases, impede finality. But those cases are likely limited to those in which it is unclear whether the trial court's judgment is final. In such cases, as always, the appellate court has the power to determine whether or not it has jurisdiction. *See, e.g., State ex rel. Danielson v. Vickroy*, 627 P.2d 752, 759 (Colo. 1981). Moreover, should the trial court continue to conduct proceedings in the face of uncertain jurisdiction after an appeal is filed, a party may seek relief from this court under C.A.R. 21. *Margolis v. Dist. Court*, 638 P.2d 297, 300–01 (Colo.1981) ("[O]riginal proceedings are authorized to test whether the trial court is proceeding without or in excess of its jurisdiction." (internal quotations and citations omitted)).

## V. Conclusion

For the reasons stated, we affirm the judgment of the court of appeals.