24CA0428 Marriage of Navarro-Garfio 03-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0428
Weld County District Court No. 22DR1335
Honorable Kimberly B. Schutt, Judge

In re the Marriage of

Irma Felipa Navarro-Garfio,

Appellee,

and

Susano Morales Lopez,

Appellant.

APPEAL DISMISSED

Division VI
Opinion by JUDGE BROWN
Welling and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

Weibel Zacheis & Greenfield, LLC, Kristin M. Zacheis, Greeley, Colorado, for
Appellee

The Bagley Law Firm, LLC, Brian J. Bagley, Samuel T. Townsend, Lakewood,
Colorado, for Appellant

¶ 1     Susano Morales Lopez, appeals the district court's order affirming the magistrate's determination that a common law marriage exists between him and Irma Felipa Navarro-Garfio.  We dismiss the appeal for lack of jurisdiction.

## I.     Procedural History

¶ 2     Morales and Navarro-Garfio were in a relationship from 2010 until 2022.  In 2022, Navarro-Garfio filed a petition for dissolution of marriage.  Morales filed a motion to dismiss the petition alleging that a common law marriage could not be established.  A magistrate held a hearing and orally ruled that a common law marriage existed between the parties.  The magistrate did not issue a written, dated, and signed order, but Morales petitioned the district court for review of the oral finding of a common law marriage under C.R.M. 7.  The district court adopted the magistrate's finding, and Morales Lopez appealed to us.

¶ 3     After reviewing the briefs in this case, we suspected that we may not have jurisdiction over this appeal and issued a show cause order directing Morales to explain why the appeal should not be dismissed for lack of a final, appealable order.  *See People v. S.X.G.*, 2012 CO 5, ¶ 9 ("Because we must always satisfy ourselves that we

1

have jurisdiction to hear an appeal, we may raise jurisdictional defects sua sponte, regardless of whether the parties have raised the issue."). Morales timely filed a response to the show cause order. After considering the response, we vacated oral arguments. We now dismiss the appeal.

## II. Analysis

¶ 4 This court only has jurisdiction over appeals from final judgments. *See* C.A.R. 1(a); § 13-4-102(1), C.R.S. 2024; *see also Musick v. Woznicki*, 136 P.3d 244, 249 (Colo. 2006). A final judgment "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do except to execute the judgment." *Musick*, 136 P.3d at 249 (citation omitted).

¶ 5 A finding of common law marriage, by itself, does not constitute a final judgment or order. *In re Marriage of Armstrong*, 515 P.2d 1152, 1153 (Colo. App. 1973) (not published pursuant to C.A.R. 35(f)) (An order determining a common law marriage existed was not final when "it did not end the suit and decided only one of the several issues which had to be resolved in connection with the petition for a decree of dissolution."). Such a finding is one step in the process of dissolving a marriage that is followed by the entry of

permanent orders and a decree of dissolution. *See id.*; *see also Nguyen v. Lai*, 2022 COA 141, ¶¶ 12-14 (dismissing an appeal of a decree invalidating a marriage for lack of final judgment when the district court had yet to divide the parties' property).

¶ 6     Here, the district court's order adopting the magistrate's finding that a common law marriage existed only resolved one part of the dispute; it has not entered permanent orders or a decree of dissolution. Under these circumstances, there is no final judgment for us to review. *See Armstrong*, 515 P.2d at 1153; *In re Marriage of Salby*, 126 P.3d 291, 294 (Colo. App. 2005).

¶ 7     In his response to the show cause order, Morales contends that we should view the magistrate's finding of a common law marriage akin to a declaratory judgment claim that can be treated as a final judgment. *See* C.R.C.P. 57 (Declaratory judgments "shall have the force and effect of a final judgment or decree."). We are unpersuaded.

¶ 8     Neither party asserted a claim for declaratory judgment regarding the status of their marriage. And we decline to adopt Morales's argument that such a claim is implied in Navarro-Garfio's petition for dissolution of marriage simply because the magistrate

3

had to find that a common law marriage existed to proceed to dissolve the marriage.

¶ 9     But even if we treated the finding of common law marriage as a declaratory judgment claim (and assumed such a claim was proper), we would still not have a final judgment. *See Musick,* 136 P.3d at 249. To constitute a final judgment in an action involving multiple claims against multiple parties, an order (or a combination of orders) must fully and finally resolve all claims against all parties. *See Wolf v. Brenneman,* 2024 CO 31, ¶ 10 ("A judgment is typically not 'final' until the court has ruled on all outstanding claims."); *Kempter v. Hurd,* 713 P.2d 1274, 1277 (Colo. 1986) ("[C]laims adjudicated early in the litigation must await the final determination of all issues, as to all parties, before a final and appealable judgment can be obtained.").

¶ 10    Notably, C.R.C.P. 54(b) permits a court in an action involving multiple claims against multiple parties to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" when certain conditions are satisfied. Certification under C.R.C.P. 54(b) operates as "an exception to the general rule that an entire case must be decided" before a judgment is final. *Harding*

*Glass Co. v. Jones*, 640 P.2d 1123, 1126 (Colo. 1982). But the district court did not certify the common law marriage finding as separately appealable under C.R.C.P. 54(b). And even if it had, we would have an independent obligation to assess the propriety of that certification. *See Harding Glass Co.*, 640 P.2d at 1126.

¶ 11 Morales's reliance on *In re Marriage of Best*, 886 N.E.2d 939 (Ill. 2008), is misplaced for the same reason. In that case, the court concluded that a declaratory judgment regarding a premarital agreement was final and appealable under Illinois Supreme Court Rule 304(a) although the dissolution of marriage claim remained pending. *See id.* at 942-43. But Rule 304(a) operates like C.R.C.P. 54(b) and provides that "an appeal may be taken from a final judgment as to one or more but fewer than all of the . . . claims only if the trial court has made an express written finding that there is no just reason for delaying . . . appeal." Again, no such certification exists here.

¶ 12 Morales also cites *Stone v. Thompson*, 826 S.E.2d 868, 868 (S.C. 2019), which held that a "family court order finding a common-law marriage was immediately appealable." But the governing South Carolina statute grants the appellate court

jurisdiction over appeals from "[a]ny intermediate judgment, order or decree in a law case involving the merits in actions." S.C. Code Ann. § 14-3-330(1) (2024). In Colorado, the court of appeals does not have jurisdiction over appeals from an "intermediate judgment," *id.*; we only have jurisdiction over appeals from "a final judgment," C.A.R. 1(a). *See* § 13-4-102(1); *Musick,* 136 P.3d at 249.

¶ 13     Lastly, because Morales acknowledged the issue in a footnote, and because the issue is likely to arise on remand, *see In re Marriage of Simon,* 856 P.2d 47, 51 (Colo. App. 1993), we note that the magistrate's common law marriage finding itself was not a final order subject to district court review. *See* C.R.M. 7(a)(3) ("Only a final order or judgment of a magistrate is reviewable under this Rule."). Even if the magistrate's finding fully resolved the issue of whether a common law marriage existed, *see* C.R.M. 7(a)(3) ("A [magistrate's] final order or judgment is that which fully resolves *an issue* or claim.") (emphasis added), the magistrate never entered a written, dated, and signed order, *see* C.R.M. 7(a)(4) ("A final order or judgment is not reviewable until it is written, dated, and signed by the magistrate."). Thus, the magistrate's order was not final.

6

¶ 14 Although this defect by itself does not deprive us of jurisdiction to review the district court's order, *see In re Marriage of Malewicz*, 60 P.3d 772, 774 (Colo. App. 2002) (a district court's adoption, rejection, or modification of a magistrate's order creates a final order for appellate review), the only disposition we could reach were we to address this appeal on the merits would be to vacate the district court's order because it lacked jurisdiction to consider Morales's C.R.M. 7 petition.

## III.   Disposition

¶ 15 The appeal is dismissed.

JUDGE WELLING and JUDGE MOULTRIE concur.