24CA0881 Peo v Loveday 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0881
La Plata County District Court No. 12CR368
Honorable Kim S. Shropshire, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Harold Leo Loveday,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Harold Leo Loveday, Pro Se

¶ 1    Defendant, Harold Leo Loveday, appeals the district court's order denying his postconviction motion. He contends that the district court lacked jurisdiction to enter a judgment of conviction against him. We affirm.

I.    Background

¶ 2    The prosecution charged Loveday by grand jury indictment[1] of one count of sexual assault on a child by one in a position of trust as a pattern of abuse under section 18-3-405.3(1), (2)(b), C.R.S. 2000, one count of incest under section 18-6-301, C.R.S. 2000, and two counts of sexual assault on a child less than fifteen years old under section 18-3-405(1), C.R.S. 2000.[2] A jury convicted him as charged.

¶ 3    In 2024, Loveday filed a motion essentially requesting postconviction relief under Crim. P. 35(c)(2)(III) and section

---

[1] Although Loveday expresses some confusion regarding whether he was charged by a complaint or indictment, the record is clear that he was charged by grand jury indictment.

[2] As is common, the grand jury indictment did not specify the version of the statutes applicable to Loveday's conduct. Because Loveday was charged for conduct ranging from 2000 to 2010, and the statutes were amended during that time, we cite the version of the statute in effect at the beginning of the charged date range. Loveday does not argue that he was prosecuted under an incorrect version of these statutes.

18-1-410, C.R.S. 2024, seeking to vacate his convictions for lack of subject matter jurisdiction.  *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) ("The substance of a postconviction motion controls . . . ."); *People v. Washington*, 969 P.2d 788, 789 (Colo. App. 1998) (treating a defendant's postconviction motion seeking to overturn a conviction on the grounds that the statute defining the crime was unconstitutional due to the lack of an "enacting clause" as a Crim. P. 35(c) motion); *see also People v. Sandoval*, 2016 COA 57, ¶ 47 (a challenge to subject matter jurisdiction may be raised at any time).  The district court denied the motion, and Loveday appeals.

## II.    Appellate Jurisdiction

¶ 4    As an initial matter, the People contend that we lack jurisdiction over this appeal because Loveday filed his notice of appeal on May 17, 2024, before the district court had entered a final appealable order.  *See* C.A.R. 1; *People v. Thomas*, 116 P.3d 1284, 1285 (Colo. App. 2005) (a final appealable order is a "jurisdictional prerequisite to appellate review").  We acknowledge

that Loveday prematurely filed his notice of appeal,[3] but the district court cured any jurisdictional defect by entering a final order on August 1, 2024, and the People allege no prejudice as a result of the early filing. *See Woznicki v. Musick*, 94 P.3d 1243, 1247 (Colo. App. 2004) (a premature appeal may proceed if the jurisdictional defect is cured and the appellee suffers no prejudice from the early filing), *aff'd*, 136 P.3d 244 (Colo. 2006). Thus, we have jurisdiction and proceed to the merits of Loveday's appeal.

## III.   Subject Matter Jurisdiction

¶ 5        Loveday contends that the district court lacked subject matter jurisdiction to enter a judgment of conviction against him because his indictment was invalid. He argues that the indictment was invalid because the statutes cited in it were unconstitutional. And he argues that the statutes were unconstitutional because they (1) did not contain enacting clauses; (2) did not contain titles; and (3) were from an unknown authority. We are not persuaded.

---

[3] Recognizing that the appeal was premature, this court issued an order for Loveday to show cause why the appeal should not be dismissed. Loveday did not timely respond, and the appeal was dismissed, even though the district court had by then entered a final order. Loveday then filed what was construed as a petition for rehearing, and a motions division reinstated the appeal.

## A.     Standard of Review

¶ 6     We broadly construe pro se pleadings "to ensure that [parties] are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.

¶ 7     We review de novo whether the district court had subject matter jurisdiction. *Dodge v. Padilla*, 2023 COA 67, ¶ 9. We also review de novo the constitutionality of a statute. *Dean v. People*, 2016 CO 14, ¶ 8. Because we presume statutes are constitutional, the challenging party bears the burden of proving a statute's unconstitutionality beyond a reasonable doubt. *Id.*

## B.     The District Court Had Subject Matter Jurisdiction

¶ 8     "Subject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment." *People v. Sims*, 2019 COA 66, ¶ 14. A court has subject matter jurisdiction "where it has been empowered to entertain the type of case before it by the sovereign from which the court derives its authority." *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011). Article VI, section 9(1) of the Colorado Constitution vests district courts with original

jurisdiction in all criminal cases. *Sims*, ¶ 14. Thus, the district court had the authority to hear Loveday's criminal case.

¶ 9 Even if a court has the general authority to hear a case, however, subject matter jurisdiction must also be properly invoked. *Id.* at ¶ 15. In criminal matters, a district court's jurisdiction is invoked "by the filing of a legally sufficient complaint, information, or indictment." *Id.* Here, the People invoked the district court's jurisdiction by filing the grand jury indictment charging Loveday with four crimes. *See id.* at ¶¶ 14-15.

¶ 10 Nonetheless, Loveday contends that the indictment was invalid because the Colorado Revised Statutes cited in it did not contain enacting clauses as required by article V, section 18 of the Colorado Constitution.[4] Even construing Loveday's arguments broadly, *see*

---

[4] To be sure, a claim that the statutes cited in Loveday's indictment are unconstitutional is a claim that could have been raised on direct appeal and would be both time barred and successive. *See* Crim. P. 35(c)(2)(I), (3)(VII); § 16-5-402(1), C.R.S. 2024. But because the People do not make this argument, and because we conclude that the claim fails on its merits, we will assume without deciding that Loveday has raised a legitimate jurisdictional defect with the indictment. *See* Crim. P. 35(c)(3)(VII)(d) (excepting claims that the court lacked subject matter jurisdiction from the successiveness bar); § 16-5-402(2)(a) (excepting claims that the court lacked subject matter jurisdiction from the time bar).

*Jones*, ¶ 5, we are not persuaded. The same argument was addressed and rejected by a division of this court in *Washington*, 969 P.2d at 789. Although we are not bound by *Washington, see Chavez v. Chavez*, 2020 COA 70, ¶ 13 (one division of the court of appeals is not bound by another), we find it persuasive.

¶ 11     Article V, section 18 of the Colorado Constitution requires that "[t]he style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado.'" *See also* § 2-4-213, C.R.S. 2024. Underlying this constitutional mandate is the "policy that the citizens of the state must be able readily to verify that such pronouncements are proper expressions of the legislative authority of the General Assembly as conferred by the state constitution." *Washington*, 969 P.2d at 790.

¶ 12     We acknowledge that none of the Colorado Revised Statutes cited in Loveday's indictment contain an enacting clause. However, as the division in *Washington* explained, the Colorado Revised Statutes are an official compilation of the Session Laws of Colorado, which are the official publication of the legislature's enactments. 969 P.2d at 789; *see also* § 2-5-118(1)(a), C.R.S. 2024. The Colorado Revised Statutes are "produced to aid the public in

6

locating relevant statutes and ascertaining their precise language by combining initial enactments, amendments, and repeals into a single source organized by subject." *Washington*, 969 P.2d at 789; §§ 2-5-101 to -126, C.R.S. 2024 (requiring that all laws of the State of Colorado be compiled into the Colorado Revised Statutes and detailing the procedures for doing so). Each section of the Colorado Revised Statutes is also required to include reference to the statutory history of the section. § 2-5-102(1)(a), C.R.S. 2024.

¶ 13    At the time of Loveday's conviction,[5] section 18-3-405.3, proscribing sexual assault on a child by one in a position of trust, was compiled from the following legislative enactments: Ch. 139, sec. 16, § 18-3-405.3, 1990 Colo. Sess. Laws 1028; Ch. 314, sec. 33, § 18-3-405.3, 1998 Colo. Sess. Laws 1444; Ch. 322, sec. 9, § 18-3-405.3, 2002 Colo. Sess. Laws 1582; Ch. 318, sec. 192, § 18-3-405.3, 2002 Colo. Sess. Laws at 1513; Ch. 119, sec. 3, § 18-3-405.3, 2006 Colo. Sess. Laws 413; Ch. 353, sec. 8,

---

[5] We include the Session Laws from each statute's initial enactment through the date of Loveday's conviction in 2014 to comprehensively address his contentions.

§ 18-3-405.3, 2013 Colo. Sess. Laws 2061.  Section 18-3-405.3 refers to each of these Session Laws.

¶ 14    Section 18-6-301, proscribing incest, was compiled from the following legislative enactments: Ch. 121, sec. 1, § 40-6-301, 1971 Colo. Sess. Laws 448; Ch. 197, sec. 6, § 18-6-301, 1983 Colo. Sess. Laws 695; Ch. 136, sec. 8, § 18-6-301, 1986 Colo. Sess. Laws 770-71; Ch. 139, sec. 7, § 18-6-301, 1990 Colo. Sess. Laws 1025-26; Ch. 369, sec. 32, § 18-6-301, 2000 Colo. Sess. Laws 1847; Ch. 385, sec. 2, § 18-6-301, 2003 Colo. Sess. Laws 2514.  Section 18-6-301 refers to each of these Session Laws.

¶ 15    And section 18-3-405, proscribing sexual assault on a child, was compiled from the following legislative enactments: Ch. 171, sec. 1, § 18-3-405, 1975 Colo. Sess. Laws 630; Ch. 224, sec. 18, § 18-3-405, 1977 Colo. Sess. Laws 962; Ch. 197, sec. 2, § 18-3-405, 1983 Colo. Sess. Laws 693; Ch. 138, sec. 7, 1986 Colo. Sess. Laws 777; Ch. 163, secs. 2, 3, § 18-3-405, 1989 Colo. Sess. Laws 903-04; Ch. 139, sec. 25, § 18-3-405, 1990 Colo. Sess. Laws 1033; Ch. 240, sec. 11, § 18-3-405, 1995 Colo. Sess. Laws 1252-53; Ch. 322, sec. 8, § 18-3-405, 2002 Colo. Sess. Laws 1582; Ch. 318, sec. 191, § 18-3-405, 2002 Colo. Sess. Laws 1513; Ch. 119, sec. 2, § 18-

3-405, 2006 Colo. Sess. Laws 413; Ch. 353, sec. 9, § 18-3-405, 2013 Colo. Sess. Laws 2061-62.  Section 18-3-405 refers to each of these Session Laws.

¶ 16   Each of the acts creating or amending each of the relevant statutes, as published in the Colorado Session Laws, begins with the enacting clause required by article V, section 18 of the Colorado Constitution.  As the division in *Washington* noted, each statute published in the Colorado Revised Statutes does not itself contain an enacting clause because it "is, as intended, a compilation of multiple legislative acts that also includes editing for clarity and consistency."  969 P.2d at 789.

¶ 17   Furthermore, although the Colorado Revised Statutes are the official compilation of the laws, nothing prevents a court from looking to the Session Laws to confirm that the statute complies with the constitutional mandate.  *See id.* at 790 ("[W]hen the propriety of a statute's enactment is called into doubt, § 2-5-118 does not preclude the use of the Session Laws as evidence in the Colorado courts.").  Here, each of the Session Laws from which each of the statutes has been compiled has the requisite enacting clause.  Thus, we conclude that the omission of an enacting clause from the

Colorado Revised Statutes did not render the statutes cited in Loveday's indictment unconstitutional or otherwise invalid.

¶ 18     We are also not persuaded by Loveday's contention that the statutes are invalid because they do not contain titles as required by article V, section 21 of the Colorado Constitution.  Under that section, a bill must contain only one subject and must state that subject in its title.  Colo. Const. art. V, § 21.  Here, each of the bills creating or amending each cited statute contains a single title.  *See, e.g.*, Ch. 353, 2013 Colo. Sess. Laws at 2056 (amending section 18-3-405.3, among many other statutes, and bearing the following title: "AN ACT CONCERNING METHODS TO PROTECT THE VICTIM OF A SEXUAL ASSAULT IN CASES WHERE A CHILD WAS CONCEIVED AS A RESULT OF THE SEXUAL ASSAULT, AND, IN CONNECTION THEREWITH, MAKING AN APPROPRIATION").

¶ 19     Nor are we persuaded by Loveday's contention that the Colorado Revised Statutes are "of unknown authority" because they are compiled, edited, and published by a revisor and not by the legislature.  As discussed, the legislature has authorized the creation of the Colorado Revised Statutes, detailed the procedures by which they are to be created, and designated them the official

compilation of the laws of the State of Colorado. And each year, by separate constitutionally compliant bill, the annual version of the Colorado Revised Statutes "is enacted as the positive and statutory law of general and permanent nature of the state of Colorado" and is "accepted, approved, ratified, confirmed, and validated" by the legislature. § 2-5-126(1); *see, e.g.*, Ch. 1, sec. 1, § 2-5-126, 2014 Colo. Sess. Laws 1 (authorizing the enactment of the 2013 Colorado Revised Statutes). Thus, the authority for the Colorado Revised Statutes is known: the laws of the State of Colorado. Notably, Loveday has not identified a discrepancy between the Colorado Session Laws and the Colorado Revised Statutes cited in his indictment that might impact his convictions.

¶ 20     Accordingly, we conclude that the Colorado Revised Statutes cited in Loveday's indictment are valid and constitutional, that his indictment validly invoked the jurisdiction of the district court, and that the district court had subject matter jurisdiction to enter the judgment of conviction against him. *See Dodge,* ¶ 9; *Dean,* ¶ 8.

### C.     Loveday's Other Contentions

¶ 21     To the extent Loveday contends that the district court lacked personal jurisdiction over him or that he was falsely arrested or

wrongfully imprisoned, he does not develop those arguments, so we do not address them further. *See People v. Rodriguez-Morelos*, 2022 COA 107M, ¶ 49 (declining to address a defendant's conclusory and underdeveloped argument), *aff'd*, 2025 CO 2. In any event, such claims would be successive because Loveday could have raised them in a prior appeal or postconviction motion. *See* Crim. P. 35(c)(3)(VII) (a claim that could have been raised and resolved in a prior appeal or postconviction proceeding must be denied as successive unless an enumerated exception applies).

## IV.   Disposition

¶ 22     We affirm the district court's order denying Loveday's postconviction motion.

JUDGE DUNN and JUDGE SCHOCK concur.